ELLEY v. MARY E. CALDWELL et al., Plaintiffs in Error.

## Division One, November 12, 1900.

1. **Expired Contract:** EQUITABLE RELIEF: REDEMPTION: EXTENSION OF TIME. A defendant who has obtained possession of land under a contract of purchase to pay the purchase money in five equal annual installments, can not complain, in a suit in ejectment, that the court, under his equitable answer, gave him nine months after his failure to pay the first installment in which to redeem, because the contract had in fact expired on his failure to pay the first installment. And in fixing the terms under which he may redeem the court is not bound by the terms of the contract.

2. ————: ————: ————: FIXING RATE OF INTEREST: NO EXCEPTION. The appellate court will not convict the trial court of error for fixing the rate of interest which the amount for the redemption of land should bear at a higher rate than seems to be authorized by the evidence, unless the error was called to the attention of the trial court.

3. **Ejectment:** REDEMPTION: NO EXCEPTIONS: NO ERROR. In a suit in ejectment, the decree of the court permitting defendant to redeem, although not authorized by the answer or evidence, will not be reversed on appeal unless the plaintiff objected thereto at the trial. Neither party can be heard to object on appeal.

Error to Callaway Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*D. P. Bailey* and *W. S. Pope* for plaintiff in error.

*N. D. Thurmond* for defendant in error.

MARSHALL, J.—Ejectment for the east half of the southwest quarter, containing eighty acres, and the northwest

quarter of the southwest quarter, containing forty acres, in section 23, township 46, range 10, and ten acres in the northern part of the northeast quarter of the northwest quarter of section 26, same township and range, in Callaway county.

The ouster of plaintiff is laid on the 20th of March, 1897. The suit was begun April 7, 1897. The trial was had August 17, 1897, resulting in a judgment for the defendants for possession, and a decree requiring the defendants to pay the plaintiff $2,351.48 with eight per cent interest, on or before the 2d Monday in November, 1897, and in default thereof the sheriff to sell the land for the payment thereof, the costs of the suit to be paid by the plaintiff. It seems an appeal was taken, but by whom is not disclosed, which was dismissed, and then this writ of error was sued out by the defendants on the 8th of December, 1897.

The answer of Mary E. Caldwell is a general denial, and an equitable cross-bill, in which it is alleged that on the 14th of March, 1896, the plaintiff entered into a written contract with her whereby he sold her the land at the price he paid for the land, with interest, in annual installments of five hundred dollars each, beginning on March 1, 1897, and also to pay the taxes as they accrued; that the price was not more specifically stipulated in the contract, but it is alleged to be $1,400; that she paid the interest up to March 1, 1897, and that she frequently tried to ascertain and pay the principal but the plaintiff failed and neglected until March 12, 1897, to state the amount thereof and then stated it at $1,800; that she was at all times ready and able to carry out her contract, but that plaintiff purposely and wrongfully refused to state the amount until after the time fixed by the contract for the first payment, and then absolutely refused to perform the contract. The cross-bill then asks the court to ascertain the true amount and permit her to pay the same

and to require the plaintiff to execute a deed to her for the land. The reply is a general denial. The answers of the other defendants need not be considered as they do not join in this writ.

The plaintiff holds the title under a trustee's deed and under a warranty deed from Thomas H. Caldwell and Kitty A. Caldwell his wife. On the 17th day of June, 1886, Thomas H. and Kitty A. Caldwell executed a deed of trust on the eighty acres to N. D. Thurmond trustee, to secure a debt of six hundred dollars due by them to Westminster College. The *cestui que trust* assigned the notes evidencing the debt to the plaintiff. The debt was not paid, and the trustee sold the land, the plaintiff became the purchaser at the trustee's sale for $806.50 and received a deed. On the 29th of March, 1894, Thomas H. and Kitty A. Caldwell conveyed the forty acres and the ten acres (and four acres not involved herein) by a general warranty deed to the plaintiff for an expressed consideration of $1,023. The contract between the plaintiff and Mary E. Caldwell, dated March 14th, 1896, was as stated in her cross-bill with the addition that it was provided that if she failed to pay the first installment at the end of the first year, she was to pay $160 as rent, the crops to be liable therefor, and if she did pay the first installment she was to secure the deferred payments by a deed of trust on the land.

For the year from March, 1895, to March, 1896, the plaintiff rented the land to Thomas and James Caldwell. They did not pay the rent, and much of the testimony in this case relates to that difficulty and is utterly foreign to this case. On the 14th of March, 1896, the contract was made with the defendant Mary E. Caldwell. It appears that before the end of the year, in March, 1897, a dispute arose between them, the plaintiff claimed she was making way with the crop on which he had a lien for rent, a suit was instituted

and he collected $135. Then this action was begun on April 7th.

The defendant assigns five errors, to-wit: *First*, that it was error to fix the amount she was to pay at $2,350, with eight per cent interest, and require her to pay it by the second Monday in November, 1897, because by the terms of the contract she was only required to pay the purchase price in installments of five hundred dollars a year; *second*, that it was error to charge her eight per cent interest; *third*, that the decree is not responsive to the issues joined; *fourth*, that the evidence did not authorize a fixing of the purchase price at $2,351.48 with eight per cent interest; and *fifth*, that the court erred in not admitting testimony as to the readiness and ability of Mary Caldwell to comply with her contract. These will be treated in their order.

## I.

The contract did provide that defendant was to pay the purchase price in yearly installments of five hundred dollars, beginning on March 1, 1897. But the defendant never paid anything, nor is there any evidence in the record before us that she ever tried or offered to pay a cent, either as part of the purchase price or as rent, or for any purpose, nor that she was able to pay anything. The only money the plaintiff received for the land was one hundred and thirty-five dollars, which he obtained by attaching the crop which she was making way with. The answer avers that she did not pay the first installment by the time specified in the contract, or at all, because the plaintiff would not let her know how much she was to pay until after the time to pay expired, and then refused to perform the contract. There is not a scintilla of evidence to support this averment. The defendant was clearly in default. The trial court permitted her to redeem or rather extended the time for her to redeem for nine months

after it had expired by the terms of her contract. Of this she can not complain, for it was a pure matter of grace, but as the plaintiff did not object no one else can do so. When parties come into a court of equity asking relief the court grants such relief as equity and good conscience requires, and upon such terms as would be just. The defendant had lost her contract right to pay in yearly installments. She applied to a court of equity, and that court gave her its aid in its own way and was not bound by the terms of the contract. Dunn v. McCoy, 150 Mo. l. c. 569.

## II.

The record does not show why the court fixed interest at eight per cent, and we can not conceive any reason therefor unless it was because the debt which was secured by the deed of trust under which plaintiff acquired title to the eighty acres, and which the defendant was to pay, bore eight per cent interest. The trustee's deed to plaintiff refers to the debt as two notes, one for $500 and one for $100, and recites that the deed of trust was given to secure "the payment of the said amount and interest in said deed described." The record shows that these notes were before the trial court but they are not preserved in this record. For this reason we can not convict the trial court of error, but this is a proper case for deferring to the judgment of that court in this particular. Moreover, the defendant did not call this error to the attention of the trial court in the motion for a new trial, and give that court an opportunity to correct the error, if such it be, and for this reason also, this assignment of error is not available to the defendant in this court. [St. Louis v. Brooks, 107 Mo. 380.] This has always been the rule in Missouri. [Johnson v. Strader, 3 Mo. 355; State v. Marshall, 36 Mo. 400; Brady v. Connelly, 52 Mo. 19; McCoy v.

Farmer, 65 Mo. 244; Green v. Walker, 99 Mo. 68; Baker v. Railroad, 107 Mo. 230; St. Louis v. Brooks, *supra.*]

### III.

The decree was not authorized under the pleadings and the evidence preserved in this record, for the defendant showed no ground for equitable aid; showed no compliance or attempted compliance on her part with her contract, no ability or readiness to perform, no delay or refusal of the plaintiff to state the amount she was to pay. In short the defendant utterly failed to show any thing to commend her to a court of equity. But the court granted her relief. The plaintiff did not object to the decree. Hence we will not and the defendant can not be heard to object.

### IV.

It is not clear how the court figured in arriving at the sum of $2,351.48. It appears that the plaintiff paid $806.50 for the eighty acres at the trustee's sale, and $1,023 for the fifty acres acquired from Thomas H. and Kitty A. Caldwell. This aggregates $1,829.50. How the difference of $521.98 was made up does not appear. The defendant figures that the amount called for by the contract with six per cent interest would only aggregate $2,259, or 92.48 less than the amount found by the court, and hence argues that the court must have calculated the interest at eight instead of six per cent. It may be that the $92.48 difference is made up by calculating the interest on the $600 notes secured by the deed of trust at eight per cent, and that those notes called for eight per cent. As before noted these notes were before the trial court and are not before this court, hence we can not interfere with the judgment of that court, as the alleged error is not clearly made to appear, and because this matter was

not called to the attention of the trial court in the motion for a new trial.

## V.

From what has already been said it is apparent that the fifth assignment of error is wholly untenable. The defendant did not offer any testimony tending to prove the readiness or ability of Mary Caldwell to perform her contract and therefore the court had no opportunity to err by excluding it.

But waiving even this fundamental answer to the objection to the judgment complained of, the fact remains that the court, by the decree, gave her about ninety days after the decree was entered to show her readiness and ability to carry it out, and she has only herself to blame if she has not done so. True the terms of the decree were different from the terms of the contract, but the contract was extinct when she was brought into court, and therefore she had nothing to stand on. And in addition the court was not bound by the time for payment specified in the contract. It gave her aid in its own way—when she did not show herself entitled to any aid whatever. Now she complains that the amount she is required to pay is $92.48 too much. Comment would blunt the point of the irony in such a contention before a court of equity.

The judgment is affirmed. All concur.