## THE STATE v. MORRIS CHRISTOPHER,
Appellant.

**Division Two, May 19, 1908.**

1. **APPELLATE JURISDICTION: Constitutional Question.** The constitutional right "to demand the nature and cause of the accusation" does not imply that every person charged with a crime, whether the offense be a felony or a misdemeanor, can require the Supreme Court to pass upon the sufficiency of the indictment or information lodged against him, by filing a motion to quash or a demurrer on the ground that the same does not inform him of the nature and cause of the accusation. If the offense charged is a misdemeanor, the Supreme Court cannot by any such means acquire jurisdiction over an appeal from a conviction in the case. The Court of Appeals has authority to determine the sufficiency of the information in a misdemeanor case.

2. ——: ——: **Indefiniteness of Demurrer.** The Supreme Court does not obtain jurisdiction over an appeal from a conviction of a violation of the Local Option Law, by a demurrer to the information which simply says that said law violates section 53 of article 4 of the Constitution—a section which mentions thirty-three different cases in which the enactment of special or local laws is prohibited. To have raised the constitutionality of the law the demurrer should definitely have pointed out what part of the section it is claimed has been violated.

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

GANTT, J.—This is an appeal from the judgment of the circuit court of Harrison county, by which defendant was fined $300, upon a conviction of selling whiskey in violation of the Local Option Law. The appeal was taken to the Kansas City Court of Appeals, and has been transferred to this court by the

Court of Appeals on the motion of the defendant on the ground that it involves a constitutional question. The question which presents itself at the threshold is whether this court has jurisdiction of this appeal. It appears from the record that on the 17th day of July, 1905, the prosecuting attorney filed an amended information and thereafter, on the 21st of July, the defendant filed his demurrer thereto, which demurrer among other grounds contained the following two: "5th. Because said amended information does not inform the defendant of the nature and cause of the accusation against him as required by section 22 of article 2 of the Constitution of the State of Missouri. 6th. Because said amended information and the Local Option Law under which the same is attempted to be drawn is in violation of section 53, article 4, of the Constitution of Missouri." It nowhere appears in the record proper that this demurrer was overruled, but in a bill of exceptions filed by the defendant it is recited that the same was overruled and the defendant at the time excepted. The record on the 21st of July, 1905, shows that the defendant entered his plea of not guilty and thereupon the case was submitted to the court and a jury and the defendant convicted. The defendant asked no instruction which challenged the constitutionality of the law and none was given on behalf of the State. In the motion for new trial the constitutionality of the law was not challenged, unless it can be said that one ground for new trial was that the court erred in overruling the defendant's demurrer to the information in the cause. The motion in arrest made no reference whatever to the constitutionality of the act. The defendant in his motion to transfer this cause from the Court of Appeals to this court assigns as a reason therefor "that the appellant filed his demurrer to the information in which he alleged as grounds therefor

the two grounds already noted above and that said demurrer was overruled."

It is a well-established rule in respect to demurrers that where, after demurrer is overruled, the defendant files answer or pleads over, the demurrer is deemed to be waived. [Pickering v. Mississippi Valley Nat. Tel. Co., 47 Mo. 457.]

In Fuggle v. Hobbs, 42 Mo. l. c. 541, where the defendant complained of the striking out of an amended answer, WAGNER, J., said: "If the appellant intended to avail himself of the errors committed by the court in this respect, he should have let judgment go at the time and stood on his exceptions. By pleading over and going to trial on another issue, he voluntarily abandoned whatever grounds he might have had for a review of the action of the court. The judgment appealed from is a judgment rendered upon the issue tendered by the last answer," etc. [West v. McMullen, 112 Mo. l. c. 409; Scovill v. Glasner, 79 Mo. 449.] If the demurrer, on the other hand, had been sustained, "there was no manner of necessity for a bill of exceptions in order to preserve the demurrer, as it is a part of the record, and 'would keep' without resort to any such preservatory process." [Spears v. Bond, 79 Mo. l. c. 469.]

In regard to the exception taken to the overruling of the demurrer, it was said in Newton v. Newton, 162 Mo. l. c. 182, "An exception in such case neither helps nor hurts, as a demurrer will keep without an exception." [Hannah v. Hannah, 109 Mo. 236; Thorp v. Miller, 137 Mo. l. c. 239.]

Does the right "to demand the nature and cause of the accusation," secured by the Constitution (sec. 22, art. 2) imply that every person charged with crime in this State, whether the offense be a felony or a misdemeanor, can require this court to pass upon the sufficiency of the indictment or information lodged against

him, by simply filing a motion to quash or a demurrer upon the ground that the information does not inform him of the nature and cause of the accusation? We think not. In the distribution of the judicial power, the people have confided to the Courts of Appeals jurisdiction of misdemeanors, and those courts are as competent to pass upon the sufficiency of an indictment as this court and it is only when the constitutionality of some law is challenged, or the defendant has been denied some constitutional right, that the jurisdiction is conferred in a prosecution for misdemeanor on this court. To hold that the Courts of Appeals do not have jurisdiction of an appeal from a judgment of a circuit or criminal court, holding that an indictment or information charging a misdemeanor is sufficient in form and substance, would be to practically remove every appeal from a conviction for a misdemeanor to this court and destroy the efficacy of that provision of the Constitution assigning such appeals to the Courts of Appeals and we are unwilling to give the Constitution such a construction.

2d. The other ground is that the Local Option statute contravenes section 53 of article 4 of the Constitution. It will be noted that said section points out thirty-three different cases in which special and local laws are prohibited, but this ground of demurrer does not specify which of said paragraphs the Local Option Law is supposed to contravene. Demurrers are required to specify the grounds of objection to a pleading or indictment, and this demurrer, even if not waived by pleading over, is utterly insufficient to give this court jurisdiction of this appeal. In Ash v. Independence, 169 Mo. 77, it was ruled that a party desiring to invoke the protection of the Constitution must point out the section which he claims has been violated and it was not sufficient to merely allege that certain tax bills "were unconstitutional and void." So in this case; to

point to a section containing thirty-three subsections without indicating which of said paragraphs or subsections had been violated, is no more definite than if he had alleged the act was unconstitutional without specifying any article of the Constitution. It follows this court has no jurisdiction of this appeal and it is ordered transferred to the Kansas City Court of Appeals.

*Fox, P. J.,* and *Burgess, J.,* concur.