JOHN J. CHASTAIN v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Division One, March 1, 1910.

1. **APPEAL: Jurisdiction: Federal Question.** Whether the case is a proper one for removal to the Federal court, or whether the petition and bond are what the act of Congress requires, in a sense is a Federal question, but it is not the kind of Federal question of which the Constitution of Missouri gives the Supreme Court jurisdiction. In order to give the Supreme Court jurisdiction on the ground that a Federal question is involved, the case must be one in which "the validity of a treaty or statute of or authority exercised under the United States is drawn in question."

2. ————: ————: ————: **Cost of Transcript.** The Supreme Court does not have jurisdiction over an appeal from a judgment for $15.50 in favor of a circuit clerk who at the request of defendant made out a transcript in another case removed on defendant's motion to a Federal court, and for which work plaintiff did not certify his bill of costs to the Federal court, whether the case was properly removable or not.

Appeal from Henry Circuit Court.—*Hon. C. A. Denton,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Geo. P. B. Jackson* for appellant.

*C. A. Calvird* and *W. E. Owen* for respondent.

VALLIANT, J.—This is an appeal from a judgment in favor of the plaintiff for $15.50. The cause of action stated is this: In April, 1905, the plaintiff was the clerk of the circuit court of Henry county; there was at that time a suit pending in that court wherein one Flynn was plaintiff and this defendant was defendant; on petition of defendant the court ordered the cause removed to the circuit court of the United States for that district, and at the request of the defendant the plaintiff made a transcript of the record in that case and sent it to the United States circuit court where it was filed. This suit is to recover the cost of that transcript. The transcript was never delivered to the defendant or its attorneys and as soon as it was filed in the United States court the suit was dismissed by attorneys for Flynn, the plaintiff in that case. The plaintiff in this case failed to certify to the United States court the cost of the transcript, in consequence of which failure defendant claims that it could not recover the cost thereof by judgment of the United States court, to which it would otherwise have been entitled.

This suit was begun before a justice of the peace and carried by appeal to the circuit court of Henry county where judgment for $15.50 was rendered against defendant, from which judgment the defendant appealed to this court. The appeal was brought here on the idea that a Federal question was involved. The argument of appellant is that on the filing of the petition and bond for removal the State court's jurisdiction in the Flynn case terminated, and thereafter the question of costs accruing, including the cost of the transcript, was in the Federal court alone, and therefore neither the justice of the peace before whom this suit was begun, nor the circuit court of ' Henry county where it was carried by appeal, had any jurisdiction of it. We will leave the consideration of that proposition to the Kansas City Court of Appeals to which this cause must be transferred.

In a proper case, where the petition and bond are filed for the removal of a cause to a Federal court, the jurisdiction of the State court ends, and, in a certain sense, perhaps it may be said that whether it is a proper case for removal, or whether the petition and bond are what the act of Congress requires, is a Federal question, but it is not the kind of Federal questions of which the Constitution of Missouri gives this court jurisdiction. In order to give this court jurisdiction on the ground that a Federal question is involved it must be a case in which "the validity of a treaty or statute of or authority exercised under the United States is drawn in question." [Sec. 12, art. 6, Const.] Even if the State court should erroneously decide that it was not a case for removal under act of Congress, or that the petition and bond are not what the act requires, it would be only a misunderstanding of the facts as shown by the record or an erroneous interpretation of the Federal statute, but that would not question the validity of the statute. If the State circuit court misconstrues the statute or misapplies

the facts, shown by the record, our courts of appeals have jurisdiction to correct the error. The question of 'whether this court or a court of appeals has jurisdiction' in such case is not a federal question, it is a question of the interpretation of our State Constitution. We derive no jurisdiction from an act of Congress. It is only where the validity of a treaty or the validity of a statute of or the validity of an authority exercised by the United States is drawn in question that this court ·is given jurisdiction of cases that it would not otherwise have. We have so recently been over this subject in another case that we deem it unnecessary to discuss it further, but we refer to Schwyhart v. Barrett, 223 Mo. 497.

Our Kansas City Court of Appeals alone has jurisdiction of this appeal; therefore the cause is transferred to that court. All concur.