JOHN J. CHASTAIN, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 16, 1911.

1. **CIRCUIT CLERKS: Costs of Transcripts.** The defendant filed a petition and bond for the removal of a case from a state court to a Federal court, and ordered a transcript from the clerk. When finished, the clerk, without indorsing his fees thereon, delivered the transcript to the attorney for the plaintiff instead of sending it direct to the clerk of the Federal court, or to the attorney for the defendant, who had requested that it be forwarded to him for correction before filing, and whose duty it was to file same in the Federal court under section 3 of the Removal Act of 1888. *Held*, that the circuit clerk was not entitled to recover his fees from defendant.

2. ———: ———. Had the clerk delivered the transcript to defendant's attorney, with his fees endorsed thereon, they would have been taxed as costs in the Federal court, and the plaintiff would have had to pay them to obtain a dismissal.

Appeal from Henry Circuit Court.—*Hon. C. A. Denton,* Judge.

REVERSED.

*Lee W. Hagerman* for appellant.

*C. A. Calvird* and *W. E. Owen* for respondent.

JOHNSON, J.—Plaintiff, clerk of the circuit court of Henry county, brought this suit before a justice of the peace to recover a fee of $15.50 for a transcript of the record prepared and transmitted to the clerk of the United States Circuit Court in an action brought against defendant in the circuit court of Henry county, and removed to the Federal court on petition and bond for removal filed by defendant. A trial in the circuit

court, where the cause was taken on appeal resulted in a judgment for plaintiff for the full amount of the fee demanded. Defendant appealed to the Supreme Court but that court decided it had no jurisdiction and transferred the cause to this court. [Chastain v. Railroad, 226 Mo. 94.]

The material facts of the case are as follows: On petition and bond of defendant the circuit court of Henry county, ordered the case of Flynn v. Missouri, Kansas & Texas Railroad Company et al., removed to the Federal court. Defendant's general attorney, Mr. Jackson, whose office was in St. Louis, ordered plaintiff to furnish him a transcript of the record and agreed to pay the fee therefor on delivery. Plaintiff prepared the transcript and wrote Mr. Jackson enclosing his bill and asking that a voucher be issued for the same. He referred to Mr. Jackson's request that the transcript be forwarded to him at St. Louis, saying "plaintiff's attorneys insist that the same be sent to the United States Court and I am inclined to believe that under the order of the court, the United States Court is the proper place to send it, and I will forward same to the clerk of that court. However, I could furnish you a copy if you so desire."

In reply to this letter Mr. Jackson took the position that defendant would not pay for the transcript unless it was sent to him in order that he might inspect it and correct errors in it, but plaintiff still adhered to his contention that the document should be delivered direct to the Federal court. It appears the attorney for the plaintiff in that suit had determined to dismiss the suit as soon as an order of dismissal could be obtained in the Federal court and was anxious that the transcript should be delivered to that court as expeditiously as possible. Plaintiff listened to his advice and, instead of delivering the transcript to Mr. Jackson who ordered it, or of sending it direct to the clerk of the Federal court, delivered it into the hands of Mr.

Jackson's adversary who took it to the clerk of the Federal court, had the cause docketed, paid the costs, and had an order of dismissal entered. Plaintiff failed to indorse his fee on the transcript and it was not taxed by the clerk of the Federal court as a part of the costs the plaintiff in that suit was compelled to pay before an order of dismissal would be made.

Section 3 of the Removal Act of 1888, provides:

"Whenever any party entitled to remove any suit mentioned in the next preceding section, except in such cases as are provided for in the last clause of said section, may desire to remove such suit from a state court to the Circuit court of the United States, he may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court, to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court, on the first day of its, then next session, a copy of the record in such suit, and for paying all costs that may be awarded by said circuit court, if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit, if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and bond, and proceed no farther in such suit; and the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court."

The filing of the petition and bond for removal in the state court followed by the order of removal divested that court of jurisdiction over the cause and in-

vested the Federal court with such jurisdiction. There was but one case and it, together with all of its incidental proceedings and subjects, such, for example, as the subject of the taxation of costs, came under the dominion of the Federal court. [Steamship Co. v. Tugman, 67 Fed. Rep. 16.] The rule uniformly recognized by the Federal courts thus is stated in Black's Dillon on Removal of Causes, section 192:

"When an application for the removal of a cause from a state court to a Federal court is duly and seasonably made, by the filing of a proper and sufficient petition and bond, and the removal papers, in connection with the record, show that the case is within the act of Congress, it is the duty of the state court, under the statute, to 'accept said petition and bond and proceed no further in such suit.' All rightful jurisdiction of the state court over the cause immediately ceases. It makes no difference whether that court grants or refuses an order of removal. Its jurisdiction being at an end, any further step taken in the cause in that court, or any order, judgment, or decree made by it, is erroneous and voidable, if not absolutely void."

After the order of removal is entered the only remaining thing to be done in the state court is the preparation and delivery of a transcript of the record by the clerk of that court. The statute quoted imposes a duty on the clerk to furnish a transcript, on the order of defendant, but the clerk may require the payment of his fee for the transcript before its delivery. Further, we think the clerk, if so requested, is bound to deliver the document to the party ordering and paying for it, and has no right to disregard such request. The statute makes it the express duty of *the defendant* to file the transcript in the Federal court within a specified time, and the defendant, who is required to give bond conditioned for the performance of that duty has a right to demand the delivery of the transcript to him

in order that he may inspect it and have it corrected should he find it deficient or inaccurate.

"The law devolves on the party and not the clerk the duty of procuring and filing a copy of the record." [Miller v. Wattier, 24 Fed. Rep. 49; Hatcher v. Wadley, 84 Fed. Rep. 913.]

Plaintiff was wrong in refusing to deliver the transcript to Mr. Jackson and his refusal deprived him of the right to recover his fee from defendant. The injustice of the course he pursued is apparent. Had he delivered the transcript to defendant's attorney, doubtless, he would have been required to indorse his fees thereon, and they would have been taxed in the Federal court as costs the plaintiff in the suit would have to pay to obtain a dismissal, and defendant would have been reimbursed. As it is, plaintiff is asking, in effect, that he be allowed to make defendant pay for a transcript he furnished the adverse party who should have paid for it and who would have been compelled to pay for it had plaintiff done as he should have done.

In certain cases the Federal courts have allowed the plaintiff to file a transcript for the purpose of obtaining some order in the case. [Black's Dillon on Removal of Causes, section 198.] But where, as here, the defendant is not in default, a transcript furnished the plaintiff in the removed case by the clerk of the state court should be paid for by such plaintiff for whose purposes it was furnished.

The judgment is reversed. All concur.