THE STATE v. FRANK SWAN, Appellant.

Division Two, April 11, 1911.

1. **APPELLATE JURISDICTION: Constitutional Question: No Exception.** Where the only attempt to assail the constitutionality of the statute under which appellant was tried and convicted of a misdemeanor, was in his motion in arrest of judgment, and no exception was saved to the overruling of said motion, and where the record proper reveals the fact that no bill of exceptions was filed within the time granted by the court, the Supreme Court has no jurisdiction of the appeal, and cannot consider the validity of the statute, although the case has been transferred to it by the Court of Appeals on the ground that a constitutional question is involved. Under the circumstances, the constitutionality of the statute has not been preserved for review, and the Supreme Court having jurisdiction on no other grounds, the case must be transferred back to the Court of Appeals.

2. ———: ———: ———: **Court of Criminal Correction.** The judge of the St. Louis Court of Criminal Correction must possess the same qualifications as a judge of a circuit court, and appeals from that court are governed by the general law concerning appeals in criminal cases; and though that court possesses jurisdiction of misdemeanors only and does not transact its business with the same precision as courts of general jurisdiction, the Supreme Court does not acquire jurisdiction over an appeal from a trial and conviction of a misdemeanor, on the ground that the statute authorizing the conviction is unconstitutional, if its constitutionality is assailed for the first time in the motion in arrest and no exception is saved to the overruling of that motion, and no bill of exceptions is timely filed.

Appeal from St. Louis Court of Criminal Correction—
Hon. *Wilson A. Taylor*, Judge.

Transferred to St. Louis Court of Appeals.

*Elliott W. Major*, Attorney-General, and *Charles G. Revelle*, Assistant Attorney-General, for the State.

Upon appellant's suggestion, this cause was inadvertently transferred to this court by the St. Louis Court of Appeals. The appeal was, in the first instance, taken to the St. Louis Court of Appeals, where ap-

pellant appeared and suggested that the appeal involved the determination of a constitutional question, whereupon, and for that alleged reason, the cause was transferred to this court. Upon information of the assistant prosecuting attorney of the St. Louis Court of Criminal Correction, the appellant was tried and convicted on the charge of vagrancy, which is a misdemeanor. It is manifest that this court has no jurisdiction unless a constitutional question was properly raised and preserved in the record. The record discloses that neither the information nor the statute upon which it is based, was challenged by motion to quash, demurrer, or other means, until after trial. At no stage was a constitutional question raised, either by objection to evidence or instructions. No such question was mentioned, even in the motion for new trial. The sole manner by which appellant attempted to raise a constitutional question was by motion in arrest of judgment. The case was then nearing final action, and defendant had quietly sat by during the progress of the entire trial, disregarding numerous opportunities to invoke constitutional provisions. His knowledge and information touching any alleged invalidity of the statute, was as complete at the time he was arraigned and tried and filed his motion for new trial, as when he filed his motion in arrest of judgment, since nothing had occurred during the trial to develop such a question. The constitutional guaranty must be invoked and must have been denied in the trial court in order to give this court appellate jurisdiction. It is clear from the following decisions that no such question was invoked, or is involved, in this case. State v. Gamma, 215 Mo. 103; State v. Boehler, 220 Mo. 5; State v. Grant, 194 Mo. 366; Hartzler v. Railroad, 218 Mo. 565. Overlooking, however, the untimeliness of his action, we find that he did not follow up the objection made in his motion in arrest, as he failed to except to

the action of the court in overruling that motion. State v. Boehler, 220 Mo. 6; State v. Penland, 199 Mo. 154; State v. Miller, 189 Mo. 675. Conclusively barring him from the decision of this court on a misdemeanor, was his failure to file his bill of exceptions within the time prescribed by the court. Since there is no bill of exceptions, the case should, for this additional reason, be transferred to the St. Louis Court of Appeals. State v. Fleming, 221 Mo. 451; State v. Finley, 193 Mo. 210; City v. Clark, 186 Mo. 292; State v. Reed, 154 Mo. 126.

*Henry M. Walsh* and *Edward J. O'Brien* for appellant.

The attorney who now appears of record for the appellant first entered appearance for the appellant in the trial court in filing the motion in arrest. At this time, if at no other, the attention of the trial court was fully and definitely called to the unconstitutionality of the act under which the defendant then stood charged. There can be no question but that the cause was within the jurisdiction of the trial court when the motion in arrest was filed. Had the defendant been without counsel, as is frequently the case in this court, the question of the constitutionality of the act would not even have been raised in a motion in arrest, for it could hardly be expected that a defendant would know in precisely what manner to prevent the enforcement of a law, in itself unconstitutional, if the only court having power to determine the question can be reached on appeal in a misdemeanor case, by raising questions in a court usually presided over by a layman, and not a court of record. Of course, it might be said that this distinction does not apply to the city of St. Louis. Our St. Louis Court of Criminal Correction is, however, only a court confined to the city of St. Louis, with justice of the peace jurisdiction in criminal matters.

Necessarily all matters are summary, and many of the things which might properly be done in a court with a less cumbered docket are overlooked, either by the defendant himself or by the clerks and those in charge of the various matters connected with the court. It is only within the last two years that a stenographer has been added to the court equipment. It has been appellant's contention that the motion in arrest in this case calls the attention of this court to a matter which appears upon the face of the record. The question of the constitutionality of Sec. 2228, R. S. 1899, must go to the jurisdiction of the court. If the section is unconstitutional, then the court cannot have jurisdiction to try the cause, because the same constitution which gives the trial court its authority to try and sentence also prohibits the division into classes or the infliction of a more severe punishment on one individual than upon another for a like offense. In State v. Miller, 189 Mo. 674, it was held that, although the defect in the verdict was not preserved in a motion in arrest, yet when the defect did appear in the review of the case, when an appeal had been allowed to this court, the defective verdict would be ground for reversal. State v. Gamma, 215 Mo. 104; State ex rel. v. Hoyt, 123 Mo. 357; Childs v. Railroad, supra; State ex rel. v. Scott, supra; Sweet v. Maupin, 65 Mo. 65; Weil v. Crane, Co., 69 Mo. 286; McIntire v. McIntire, 80 Mo. 470; Bland v. Windsor, 187 Mo. 132; Davis v. Railroad, 126 Mo. 75; Hendrix v. Hendrix, 103 Mo. App. 44; State v. Wade, 147 Mo. 75; Schafstetter v. Railroad, 175 Mo. 147. The contention of the appellant is, therefore, that this cause is one in which the statute on its face is unconstitutional and void, that this matter was called to the attention of the trial court before final judgment; that it was called to the attention of the St. Louis Court of Appeals as soon as it was possible; that the question has

234 Sup.—18

never been settled by this court, and that no other court in this State has the authority to pass on the question of the validity of the law. If the law is invalid, necessarily no judgment could be maintained on an information drawn under it. The invalidity of the law must of necessity appear on the face of the record in the information. We respectfully suggest that under the unbroken line of decisions in this State, both in this court and in the St. Louis Court of Appeals, this matter is properly before this court for adjudication, and that the motion to transfer to the St. Louis Court of Appeals should be denied.

BROWN, J.—Defendant was convicted of vagrancy in the St. Louis Court of Criminal Correction, under section 4789, Revised Statutes 1909, and from a judgment fixing his punishment at seven months' imprisonment in the city workhouse, he appealed to the St. Louis Court of Appeals. Said Court of Appeals transferred the case to this court on the ground that the appeal involved the constitutionality of section 4789, supra.

At the April term, 1910, of this court, the Attorney-General filed a motion to remand the cause to the St. Louis Court of Appeals, for the alleged reason that defendant was convicted of a misdemeanor, and therefore this court had no jurisdiction of the case. Through some inadvertence, this motion has not heretofore received our consideration.

Upon inspection of the record, we find that the only attempt to assail the constitutionality of the law under which defendant was convicted is found in defendant's motion in arrest of judgment; and defendant failed to except to the order of the court overruling his said motion. The record proper discloses the further fact that the bill of exceptions was filed after the time granted by the court for filing same had expired. This unfortunate condition of the

record prevents us from considering the constitutional questions which defendant intended to raise, and precludes us from hearing and determining the appeal. [State v. Cook, 217 Mo. 326; State ex rel. v. Hitchcock, 86 Mo. 231; State v. Boehler, 220 Mo. l. c. 5; Graham v. Deguire, 154 Mo. 88; State v. Elschinger, 223 Mo. 53.]

Appellant's learned counsel while admitting the foregoing imperfections in the record, earnestly contends that as the St. Louis Court of Criminal Correction only possesses jurisdiction of misdemeanors and does not transact its business with the same dignity and precision as courts of general jurisdiction, we should disregard the defects in his appeal and proceed to hear and determine the constitutional questions which he attempted to raise. In this suggestion we cannot concur. The law creating this court of criminal correction requires the judge thereof to possess the same qualifications as a judge of the circuit court. [R. S. 1899, sec. 2542.] Appeals from that court are governed by the general law of procedure in criminal cases. [R. S. 1899, sec. 2546.]

The appellate jurisdiction of the Supreme Court, so far as criminal cases are concerned, consists in reviewing and correcting errors of the trial courts; and when such trial courts adjudge an unconstitutional law to be a valid enactment, an exception must be saved to their action; otherwise, we are powerless to correct their mistakes. It is, therefore, ordered that this cause be remanded to the St. Louis Court of Appeals, which is vested with full jurisdiction to examine the record proper and grant the appellant relief against the errors, if any, which exist therein. *Kennish, P. J.,* and *Ferriss, J.,* concur.