## STATE OF MISSOURI, Respondent, v. FRANK SWAN, Appellant.

**St. Louis Court of Appeals, December 5, 1911.**

1. **APPELLATE PRACTICE: Crimes and Punishments: No Bill of Exceptions: Scope of Review.** In a criminal prosecution, where the bill of exceptions was not filed until after the time for filing it had expired, the Appellate Court will review the record proper only.

2. ————: **Binding Effect of Supreme Court Decision.** A decision by the Supreme Court is binding on the Court of Appeals.

3. **VAGRANCY: Indictments and Informations: Sufficiency of Indictment.** In a prosecution for vagrancy, under section 4789, Revised Statutes 1909, *held* that the indictment was in due form.

Appeal from St. Louis Court of Criminal Correction.
—*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*Henry M. Walsh* and *E. J. O'Brien* for appellant.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for respondent.

NORTONI, J.—Defendant was convicted on the charge of being a vagrant under Sec. 4789, R. S. 1909, and prosecutes the appeal from that judgment. The case was lodged in the Supreme Court on the theory that a constitutional question was involved. Upon examining the record, the Supreme Court found that the constitutional question was sought to be raised only by a motion in arrest of judgment and that this motion was not before it for consideration for two distinct reasons; the first of which was that no exception was preserved to the overruling of the motion

in arrest of judgment, and, second, that the bill of exceptions, in which the motion in arrest of judgment was preserved, was not filed until after the time for doing so had expired. Because of these facts, the cause was transferred here for determination, as within the jurisdiction of this court. [See State v. Swan, 234 Mo. 270.] From a re-examination of the record here, it appears the time for filing the bill of exceptions was duly extended by order of the court to and including the 14th day of February, 1908 and that the bill was not filed until March 10, 1908. Of course, this being true, we are not permitted to review here matters other than the record proper. Such is the result of the judgment of the Supreme Court on the identical question in this identical case, and this alone is conclusive on us here. [See State v. Swan, 234 Mo. 270.]

In accordance with the statute, we have examined the entire record proper for error, but none appears. The indictment is in due form in every respect and it appears defendant was duly arraigned and pleaded not guilty thereto. He was thereupon accorded a trial by jury. By its verdict the jury found him guilty as charged and assessed his punishment in accordance with the statutory provision. On this verdict a judgment in due form was entered by a court of competent jurisdiction and as we are not permitted to review the evidence, instructions and other matters of exception for the reason above stated, the judgment should not be disturbed. We ascertain no error whatever in the record proper. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.