OLLIE M. REED et al., Appellants, v. SAMUEL MOSS et al.

Division Two, May 26, 1914.

1. APPEAL: Overruling Motion for New Trial: No Exception. Where no exception to the action of the court in overruling appellant's motion for a new trial is shown by the original bill of exceptions filed in the cause, there is nothing before the appellate court for review except the record proper.

2. ————: Objection to Motion Untimely Filed: Fair Play. It does not seem consonant with professional ethics for a party

to stand by and acquiesce to the making of an entry upon the record to the effect that a motion for a new trial has been filed and overruled, and afterwards, after the term of court has expired, when such motion is actually filed, to raise the objection that it was not filed within the time required by the statute.

Appeal from Jasper Circuit Court.—*Hon. H. L. Bright,* Judge.

AFFIRMED.

*J. B. McGilvray* and *R. A. Mooneyham* for appellants.

*J. D. Harris* for respondents.

FARIS, J.—This is an action to determine interest to certain lands in Jasper county. Upon a trial in the circuit court of that county, appellants here, who were plaintiffs below, were cast, and have appealed, following the usual procedure.

Respondents strenuously contend that there is no exception shown by the record to the action of the court below in overruilng appellants' motion for a new trial, and that therefore there is nothing before us for review but the record proper. This contention has been the source of much trouble in this case. It was made upon a prior hearing of the case, but in such wise as that, after the most painstaking examination, we were not able to reconcile the attack made with the facts shown, apparently in a proper way, by the solemn record, and so an opinion was filed reversing and remanding the case with directions. Thereafter, upon a showing made by respondents in their motion for a rehearing, such a condition was made to appear as induced us to have sent up to us the original bill of exceptions as filed in the office of the clerk of the circuit court; whereupon the motion for a rehearing was sustained.

The actual facts bearing upon the contention made in this behalf by the respondents, are shown by the below excerpt from the original bill of exceptions, which embraces all that this bill shows as to the motion for a new trial and the filing and overruling thereof, to-wit:

"On the 18th day of December, 1909, the court made the following entries upon the docket: Motion for new trial filed. Motion for new trial overruled. Affidavit for appeal filed. Docket fee of $10 deposited. Appeal granted to the Supreme Court. Appeal bond in the sum of $500 to be filed and approved by the clerk within ten days after the adjournment of present term of court. Leave to plaintiff to file bill of exceptions on or before third day of February, 1910, term of court. But in fact no motion for a new trial was filed on said day, and no affidavit for appeal was filed on said day, nor during said term of court; but on the 20th day of December, 1909, two days after the final adjournment of said term of court, a motion for a new trial and affidavit for appeal were filed with the clerk of this court in vacation, which said motion for new trial was as follows:"

This excerpt shows two things: (a) that no exceptions were saved to the action of the court in overruling the motion for a new trial, and (b) that such motion was actually filed two days after the court adjourned for the term. [Reed v. Bright, 232 Mo. 399.]

Under the repeated rulings of this court, the saving of exceptions to the action of the trial court in overruling the motion for a new trial is a necessary condition precedent to a consideration here of the bill of exceptions. [Abbott v. Gillum, 146 Mo. 176; State v. Luttrell, 136 Mo. 25; State v. Swan, 234 Mo. 270; State ex rel. v. Hitchcock, 86 Mo. 231; Ross v. Kansas City, etc. Railroad Co., 141 Mo. 390; Recar v. Recar, 171 Mo. App. 632.] The original bill of exceptions, now before us, shows that no exceptions were saved. Therefore

there is no proper bill of exceptions, and we are relegated for errors to the record proper, and having examined same and finding no error therein sufficient to cause a reversal, the case must be affirmed.

This case illustrates, but these views render unnecessary a discussion of, the situation brought about by a too prevalent practice of hastening adjournment of a term of court by allowing the record to show that motions for a new trial, motions in arrest of judgment and affidavits for appeal, were filed and acted on, sometimes days in advance of the actual filing of such papers with the clerk and at a time when such papers did not in fact exist. The language of the statute itself is clear and we are not here called on to construe it (Sec. 2025, R. S. 1909); but upon the ethical phase we are constrained to say in passing that when the rules of a game are fixed and agreed on beforehand, the most ordinary considerations of fair-play and decency, would seem to demand that the rules should not be changed in the middle of the game. This sportsman-like rule of fair-play has not been observed in this case; though so far as the record shows counsel are not in fault for this. For we assume they did not stand by silently and hear these orders made, and then object when relief to plaintiffs was utterly foreclosed. But for the reasons above suggested we are compelled to affirm it. Let this be done.

*Walker, P. J.,* and *Brown, J.,* concur.