## THE STATE v. W. H. GOAD, Appellant.

Division Two, December 22, 1922.

1. **APPELLATE JURISDICTION**: Misdemeanor. Where the offense charged is a misdemeanor the Supreme Court is without jurisdiction to entertain the appeal unless the record discloses that the construction of the Constitution of the United States or of this State is necessary to a determination of the matter, or the validity of a Federal statute is drawn in question.

2. ———: Constitutional Question: Mere Reference to Section. A mere assertion in an instruction that the statute under which the defendant is prosecuted is in conflict with certain numbered sections of the Constitution, without a statement of the facts creating or the nature of the conflict, will not confer appellate jurisdiction on the Supreme Court.

3. ———: ———: Instruction: Exception Saved on Motion for New Trial. It is not sufficient to save an exception to the refusal of the trial court of an instruction requested by appellant; in order to preserve the refusal for review on appeal the error complained of must also be incorporated in the motion for a new trial. And where the only reference to the Constitution found anywhere in the record is in such refused instruction, and its refusal is not complained of in the motion for a new trial as error, the Supreme Court has no jurisdiction on the ground that the statute under which appellant was convicted is in conflict with the Constitution.

4. ———: Validity of Federal Statute: Physician's Permit. Where appellant was convicted of the offense of issuing a prescription as a practicing physician for the use of intoxicating liquors without

having obtained a permit so to do as required by the statute (Sec. 6592, R. S. 1919), the introduction in evidence of a Federal permit granted to him to issue prescriptions, offered as, a basis for a plea in bar and as rendering unnecessary the observance of the State statute, did not draw in question the validity of the Federal statute, or make appellant's conviction dependent upon its validity, and gave to the Supreme Court no jurisdiction to entertain his appeal.

5. ———: ———: **Validity and Not Construction of Federal Statute.** It is not the construction, but the drawing in question of the validity of a Federal statute, that is determinative of appellate jurisdiction.

6. ———: **Motion in Arrest: Constitutional Question: Refusal of Instructions.** A motion in arrest does not preserve exceptions saved during the progress of a trial. It does not preserve for review alleged error in refusing requested instructions. The adjudication by the trial court that an alleged unconstitutional statute is valid, by refusing an instruction telling the jury that it is unconstitutional, is a matter of exception, and if error the refusal cannot be preserved for review in a motion in arrest.

7. ———: **Motion to Quash Proceedings.** A motion to quash the proceeding, filed after the overruling of a motion for a new trial, is not recognized in Missouri procedure, and is wholly futile to preserve for review alleged errors which should have been incorporated in the motion for a new trial.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker,* Judge.

Transferred to Springfield Court of Appeals.

*W. E. Edmunds* and *E. R. Lentz* for appellant.

(1) The defendant was indicted, tried and convicted for violation of the legislative act, charged with issuing a prescription for whisky without having a permit under that act, but at the time he did have a permit issued under the Congressional act authorizing him to prescribe intoxicating liquors as provided in this act. The evidence further shows that before issuing said prescription he complied with the requirements of said act. Defendant offered in evidence the permit issued to him under the

Congressional act, and relied upon the same as a defense in .this cause. The court refused to admit the said permit in evidence, and declared from the bench that it was no defense to this prosecution. This action of the court assails the validity of said Federal statute and vests the jurisdiction of this appeal in the Supreme Court and not in the Court of Appeals. Mo. Constitution, art. 6, sec. 1; Central Nat. Bank v. Hazeltine, 73 Mo. App. 60; White Live Stock Com. Co. v. Railway Co., 157 Mo. 518. .(2) The question here presented, is. new and necessarily.one of first impression with the court. The question here is whether, when two legislative bodies are given concurrent powers to legislate upon the same subject, both enact laws with substantially the same provisions, both providing that permits may be issued to physicians to prescribe intoxicating liquors upon substantially the same terms, the defendant obtains a permit under the Federal act and makes a prescription, he is indicted under the State act, he offers in evidence his Federal permit, as a defense and justification for his act, which is rejected, does the. permit issued by one of the concurrent laws protect the holder from prosecution under the other concurrent law for doing same act? Or must he have a permit under both of the concurrent laws? We contend that a permit under either of these concurrent laws renders the-holders immune from prosecution under the other for the same act. As we see it the whole question turns upon the meaning that is to be given to the word concurrent as here used. (3) The permit issued by the Commissioner of Internal Revenue to the defendant, authorizing him to prescribe intoxicating liquor for medical purposes was proper, relevant, competent and material testimony in this case and was a complete defense to the prosecution against defendant in this case. The court erred in refusing to admit the said permit in evidence and in holding that it constituted no defense in this case.

*Jesse W. Barrett,* Attorney-General, and *Marshall Campbell,* Special Assistant Attorney-General, for respondent.

WALKER, J.—The appellant was indicted, tried, convicted and fined for issuing a prescription as a practicing physician for the use of intoxicating liquors without having obtained a permit so to do as required by Section 6592, Revised Statutes 1919. The offense with which the appellant is charged is a misdemeanor. Thus classified, the Supreme Court is without jurisdiction to entertain this appeal unless the record discloses that the construction of the Constitution of the United States or of this State was necessary to a determination of the matter at issue, or for a like reason the validity of a Federal statute was drawn in question. [Sec. 12, Art. 6, Mo. Constitution.]

The only reference to either the Federal or the State Constitution is that found in an instruction asked by the appellant and refused by the court, which is in the following language:

"5. The court instructs the jury that under the law and facts of this case they will acquit the defendant for the reason that the law under which this prosecution was had is unconstitutional and void because it contravenes the provisions of Section 28 of Article 4, Section 11 of Article 2, Section 32 of Article 2, of the Constitution of the State of Missouri, Article 4, Article 9, of the Amendments to the Constitution of the United States, and Section 2 of Article 4 of the Constitution of the United States."

I. In view of the condition of the record, which we must presume, in the absence of a showing to the contrary, is correct, we may for the time pass without determining the timeliness of the objection to the validity of the statute upon which the prosecution is based. The record discloses a fact more vitally affecting defendant's

Conflict With
Constitution.

contention in this behalf. It is elementary in our appellate procedure that an exception having been saved, in this instance to the refusal of an instruction, the error complained of must be preserved by incorporating it in the motion for a new trial. [Elley v. Caldwell, 158 Mo. 372; Baker v. Kansas City Ry. Co., 107 Mo. 230; Morgner v. Kister, 42 Mo. 466; Hope Lumber Co. v. Stewart, 241 S. W. (Mo. App.) l. c. 680.] As we said in Littlefield v. Littlefield, 272 Mo. 164, not only must the constitutional question be timely raised and decided by the court, but it must be preserved for review.

Supplementary to the fact that the contention has not been preserved, we held in Bealmer v. Insurance Co., 281 Mo. 495, in defining the manner in which this question should be raised to entitle it to consideration, that the mere assertion, as here, that the State statute is in conflict with certain numbered sections of the Constitution without a statement of their nature or the facts which create the conflict, will not confer jurisdiction. To a like effect is the ruling in State v. Swift & Co., 270 Mo. 694; Canning & Packing Co. v. Evans, 238 Mo. 599; State v. Christopher, 212 Mo. 244; Chapman v. Adams, 230 S. W. (Mo.) l. c. 81.

Other than as stated, no effort was made to preserve this point. Whether the contention be regarded as having lost its vitality in not being preserved or in having been abandoned by the appellant, it is eliminated from the record as constituting a basis for our jurisdiction. [Little River Dr. Dist. v. Houck, 282 Mo. 458; Moore v. U. Rys. Co., 256 Mo. 165; Botts v. Wabash Ry. Co., 248 Mo. 56.]

II. Concerning the contention that the determination of this case is dependent upon the validity of a Federal statute, it appears, aside from the brief and the

**Validity of Federal Statute.** argument of counsel, that there is nothing in the record to sustain this contention. The only reference to the statute, and this is inferential, is in the introduction in evidence of the Federal permit granted to the appellant to issue prescriptions. The purpose of this evidence was no doubt to base thereon a plea in bar in that a compliance with the Federal statute, which it may be conceded is concurrent with the State statute, rendered unnecessary the observance of the latter. There was, however, no further effort made to sustain this defense and the validity of the Federal statute was in nowise drawn in question. If made and preserved, it would have been but colorable and, hence, not a ground upon which to base a claim of jurisdiction. It is to be borne in mind that it is not the construction, but the validity of the Federal statute as determinative of an issue in the case, that is to be considered. [Chastain v. M., K. & T. Ry. Co., 226 Mo. 94; Schwyhart v. Barrett, 223 Mo. 497; White Com. Co. v. Chicago Ry. Co., 157 Mo. 518.]

III. The filing of a motion in arrest alleging the State statute to be in violation of certain sections, designated by their numbers, of the Federal and State Constitutions does not remedy the failure of the appellant to preserve his objection to the action of the trial court **Motion in Arrest.** in refusing to give the instruction above referred to. A motion in arrest does not preserve exceptions made during the progress of the trial. Its province is to call attention to errors on the face of the record which invalidate the proceeding. The refusal of the instruction complained of is not of this character. [State v. Gamma, 215 Mo. 100, and cases; State v. Swift & Co., 270 Mo. 694.]

The appellate jurisdiction of the Supreme Court, so far as criminal cases is concerned, is confined to the reviewing and correcting of errors of trial courts. The adjudicating of an unconstitutional act to be valid by the

trial court is a matter of exception and must be saved as such.   [State v. Swan, 234 Mo. 275.]

IV.  We have omitted from consideration the motion to quash the proceedings filed after the overruling of the motion for a new trial.  Thus filed, it was utterly futile. If intended to assail either the indictment or the statute upon which it was based, the one as not charging an offense and the other as not authoriz-
Motion to Quash Proceeding.
ing a prosecution, then it was unnecessary, as these defenses may be made at any time regardless of a motion of this character.  If made in an effort to preserve the objection to the refusal of the instruction asked by the defendant, which we have discussed, the course pursued is not recognized by our procedure, and if it were recognized, the motion for a new trial is silent in regard thereto and a consideration of the contention is foreclosed.

Lacking the essentials to confer jurisdiction on this court, a discussion of the merits is beyond our purview. Where, however, neither the statute nor the indictment was assailed during the trial and the defense, aside from the introduction of the Federal permit, was based wholly on the sufficiency of the testimony, the contention as to our jurisdiction is, as courteously stated in some cases, but colorable; in others, as a sham proceeding to secure a review in this court rather than in the Court of Appeals. [Stegall v. Pigment & Chem. Co., 263 Mo. 719.]  Whether the course pursued is designated by one or the other of these terms, the case is wholly within the jurisdiction of the Springfield Court of Appeals, to which it is ordered transferred.

*Higbee, P. J.,* concurs; *David E. Blair, J.,* dissents.