# CITY OF EXCELSIOR SPRINGS to use of DAVID McCORMICK v. ETTENSON, Appellant.

**Division One, March 30, 1905.**

1. **APPELLATE JURISDICTION: Constitutional Ordinance: Assumed at Trial.**   Where an ordinance authorizing appellant's property to be charged with the cost of a public improvement, was assumed to be valid and constitutional below, it will be assumed to be constitutional on appeal.  And where, on the trial, the ordinance was introduced by the appealing property-owner for the sole purpose of showing that the work was not done in conformity to its requirements, he assumed that it was a valid and constitutional ordinance.

2. ———: ———: **Specific Objection.** Where the only reference found in the record to the constitutionality of a statute is contained in an allegation in the petition that "the statute authorizing the appointment of an engineer is unconstitutional and void," with no citation of what statute is meant or of what part of the State or Federal Constitution it violates, no constitutional question is so raised as can be considered by the court. In order for the court to consider the constitutionality of a statute, not only must the statute itself be pointed out, but the specific provision of the Constitution thought to be infringed must also be pointed out.

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Harris L. Moore* and *I. J. Ringolsky* for appellant.

Sections 1620 and 1652, Revised Statutes 1889, are unconstitutional and void, and the appointment of city engineer Norris under said laws was void. Petitioners for Board of Viewers, 138 Pa. 430.

*D. C. Allen* and *Sandusky & Sandusky* for respondent.

There is no constitutional question involved. Section 1592, Laws 1893, pp. 107-8, provides for the appointment of a city engineer in making city improvements. This section requires him to compute the cost and apportion the same among the lots according to frontage, and to make out and certify the taxbills. The contention of appellant on this point fails on a question of fact. The Legislature, as a matter of fact, did not delegate to cities of the fourth class the power to create new departments, and in that way to extend, by ordinance, their charter powers. The charter itself (section 1592) provides for the appointment of a city engineer and defines his principal duties.

VALLIANT, J.—This is a suit on special taxbills issued to pay for work done in the improvement of a

street in the plaintiff city, charged as a lien on certain property of the defendant. The judgment was in favor of the plaintiff, establishing the lien. The amount of the judgment in money was less than forty-five hundred dollars. Defendant took an appeal to the Kansas City Court of Appeals, but that court transferred the cause to this court, because it was of the opinion that a question as to the constitutionality of a certain ordinance of the city was involved.

We are of the opinion that there is no constitutional question in the case. It is the defendant who would now insist that the ordinance is unconstitutional, but he made no such assertion in the circuit court, he gave that court no opportunity to pass on the question. On the trial of the cause in the circuit court the ordinance was introduced in evidence by the defendant himself with the only purpose, so far as the record shows, of showing by it that the work was not done in conformity to its requirements, and in the argument on the merits now the force of the brief of the learned counsel for the appellant is directed to that object. The point is made in the answer, that the ordinance delegates to the city engineer authority to say in what manner the work shall be done instead of setting out in the ordinance itself the specifications, and also that at the date of the ordinance a city engineer had not yet been appointed, but no reference is made to any constitutional right that is infringed; the inference is rather that the city council had not followed the requirements of the statute. The only reference to the Constitution that we find in the record is this sentence in the answer: "That the statute authorizing the appointment of an engineer is unconstitutional and void." The particular statute there referred to is not specified and we would have to go through the books relating to this city or to cities of this class to find a statute conferring power to appoint a city engineer, and when we had found what we might consider the statute intended, we

would then have to go carefully through our Constitution to see if there was any infringement. The language is: "unconstitutional and void." It does not say whether it is our State Constitution or our Federal Constitution that is violated; the language used applies as well to the one as to the other.

There was no instruction on the point asked and no reference to the Constitution in the motion for a new trial. In Hulett v. Railroad, 145 Mo. 35, the party essayed to raise a constitutional question by asking this instruction: "To hold the defendant liable in this case would violate its rights guaranteed by the Constitution of the State of Missouri and of the United States, and would deprive the defendant of its property and rights without due process of law." That was a more specific reference to the particular constitutional provision intended to be invoked than we have in this case, yet it was held to be insufficient to give this court jurisdiction. In that case this court, per SHERWOOD, J., said: "As to the generalities contained in the instruction relative to the Constitution of this State and of the United States, it suffices to say that neither the court below nor this court has any call to search through the respective organic laws of the State or the Union in order to find out in what particular either of them may have been supposed to be violated." In Kirkwood v. Meramec Highlands Co., 160 Mo. 111, the plea was that a certain act of the General Assembly "is unconstitutional, null and void and is no law of the State of Missouri binding upon the plaintiff." It was held not sufficient to raise a constitutional question.

In Ash v. City of Independence, 169 Mo. 77, it was said that to bring into question the constitutionality of a statute the specific provision of the Constitution thought to be infringed must be pointed out. The same rule was declared in City of St. Joseph v. Life Ins. Co., 183 Mo. 1. The only exception to the rule is when the question is in the record in such a form that the case

cannot be decided without deciding that the statute, or ordinance, as it may be, is or is not valid under the Constitution. [State ex rel. v. Smith, 141 Mo. 1; State ex rel. v. Smith, 152 Mo. 444; State ex rel. v. Smith, 177 Mo. 69; State ex rel. v. Bland, 186 Mo. 691.]

In the trial of this cause the circuit court was given no opportunity to pass judgment on the constitutionality of this ordinance; it was introduced in evidence by the defendant himself, who did not ask the court to decide that the work done under the ordinance was not chargeable against the defendant's property because the ordinance was not valid under the Constitution. Yet that is what the defendant now asks this court to decide. We can review on appeal only those decisions which the trial court rendered. The constitutionality of the ordinance and statutes contained in this record was assumed and unquestioned by the defendant in the trial court, and their constitutionality will have to be assumed and unquestioned in the review of the case on appeal.

The cause is transferred to the Kansas City Court of Appeals.

All concur, except *Brace, P. J.,* absent.

REMANDED TO KANSAS CITY COURT OF APPEALS.