THE STATE v. JOHN FORSHEE, Appellant.

Division Two, June 5, 1925.

1. **APPEAL: Dismissal: Sufficient Transcript: Conviction and Sentence.** A transcript, duly certified by the circuit clerk, showing an information duly filed and set out in full, an arraignment and plea, a trial, a verdict of guilty set out in full, an allocution, sentence and judgment, an appeal duly allowed, and a bill of exceptions signed and filed in which are set forth the evidence, instructions, motions for a new trial and in arrest and the rulings of the court, entitles defendant to a hearing on his appeal, and the appeal cannot be dismissed on the theory that the transcript contains no record entries showing that appellant has ever been convicted and sentenced for a crime.

2. **INFORMATION: Motion to Quash: Unconstitutional Statute.** If the motion to quash the original information on the ground that the statute under which appellant was convicted is unconstitutional is set out only in the record proper, and is not incorporated in or called for by the bill of exceptions and the bill shows no exception to the court's action in overruling it, neither the motion nor the constitutional question is a subject for review on appeal. All matters of exception, including motions to quash the information, must be incorporated in the bill of exceptions in order to entitle them to consideration by this court.

3. ———: **Amendment: No Motion to Quash: Unconstitutional Statute.** Where the trial court permitted the State to amend the information, an assignment on appeal that the statute under which defend-

State v. Forshee.

ant was convicted is unconstitutional, is not for consideration on appeal unless some reference to the constitutional question was made in the motion to quash; and where such motion is set forth only in the record proper, an exception to the court's action in overruling it can be saved only in the bill of exceptions, and if it contains no exception to the ruling neither the motion nor the constitutional question is for consideration in this court.

4. **SEARCH WARRANT: Motion to Quash: Preservation for Review.** Unless the motion to quash the search warrant and to suppress evidence alleged to have been obtained thereunder, offered in evidence in behalf of appellant, is incorporated in or called for by the bill of exceptions and an exception saved therein to the court's action in overruling said motion, neither said motion nor the court's ruling is for consideration on appeal, although the motion is set forth in the record proper. Besides, in this case, the evidence shows that the officers located the illicit still, with defendant in charge thereof, under circumstances which made it unnecessary for them to obtain a search warrant, and made competent the evidence they obtained at and prior to defendant's arrest without a search warrant.

5. **INFORMATION: Amendment: No Exception Properly Saved.** The statute (Sec. 3853, R. S. 1919) in general terms authorizes the amendment of informations, and defendant pleads to an amended information by moving to quash it; and having so pleaded, an assignment on appeal that the trial court erred in permitting the State to amend the original information by the interlineation of certain words, is not for consideration where only the record proper recites the amendment and an exception by defendant to the ruling of the court in permitting it to be amended. Matters of exception have no place in the record proper, and if the bill of exceptions contains no objection or exception to the amendment or to the court's ruling in permitting the information to be amended, said ruling is not for consideration in this court.

Citations to Headnotes: Headnote 1: Criminal Law, 17 C. J. sec. 3410. Headnote 2: Criminal Law, 17 C. J. secs. 3414, 3422. Headnote 3. Criminal Law, 17 C. J. secs. 3338, 3482. Headnote 4. Criminal Law, 17 C. J. sec. 3414. Headnote 5: Criminal Law, 17 C. J. sec. 3422.

Appeal from St. Francois Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*I. N. Threlkeld* and *B. H. Boyer* for appellant.

(1)  The motion to quash  should have  been sustained.   The statute upon  which the information is based, Laws 1923, pp. 236 to 247, is unconstitutional in that it violates the provisions of Sec. 28, Art. 4, Constitution of Missouri providing that  "no bill  .  .  . shall contain more than one subject, which shall be clearly expressed in its title," for the reason that said statute is broader than the title thereof and the title of said bill contains numerous subjects.   State v. Great Western Coffee and Tea Co., 171 Mo. 643; Sedalia ex rel. v. Smith, 206 Mo. 361; State v. Gideon, 210 S. W. 359.   (2)  The testimony upon which the State relied for a conviction and upon which the jury found the defendant guilty was obtained under and by virtue of an invalid search warrant, the same having been issued by a justice of the peace upon the unsupported affidavit of the prosecuting attorney wherein no facts were set forth showing probable causes nor from which probable causes could have been inferred.   Hence the conviction was based upon incompetent testimony and should be reversed.   State v. Hyde, 297 Mo. 213; State v. Tunnel, 259 S. W. 128; State v. Owens, 259 S. W. 100; State v. Lock, 259 S. W. 116. (3)  The  motion to quash the  original information should have been sustained for the reason that the original information did not state facts sufficient to charge a felony under the statute.   But a more grievous error was committed by the court thereafter by permitting the State, after both the State and the defendant had announced ready for trial and defendant had waived formal arraignment, to amend the information by the addition of the words "and for the sale and transportation" by interlineation, for the reason that said words were necessary to charge a felony under the statute.

*Robert W. Otto,* Attorney-General, and *James A. Potter,* Special Assistant Attorney-General, for respondent.

(1) The transcript of record entries fails to show that the appellant has ever been convicted or sentenced for any crime under the laws of the State of Missouri. In this condition of the record there is nothing for the court to do except to dismiss the case. If there is no record of appellant's conviction in the trial court, as appears from the transcript filed in this court, then the appellant cannot be injured by a dismissal of this case. (2) It is the appellant's personal duty to see that the transcript is not only filed in time, but that it is in proper form and contains the necessary record entries and proceedings. State v. Little, 284 S. W. 926. (3) An amended or supplemental abstract cannot be filed in the Supreme Court after the opposite party serves his brief calling attention to the omissions contained in the transcript on file. State v. Mueller, 239 S. W. 349. (4) There can be no legitimate excuse offered for appellant's failure to file at least a record of his conviction, as such a record is the cornerstone of his case on appeal.

RAILEY, C.—On September 24, 1923, the Prosecuting Attorney of St. Francois County, Missouri, filed in the circuit court of said county an information, on which the case was tried, which, without caption and verification, reads as follows:

"Now comes Philip S. Cole, Jr., Prosecuting Attorney within and for the County of St. Francois and the State of Missouri, on behalf of the State of Missouri, upon his oath of office and upon his knowledge, information and belief informs the court that one John Forshee, late of the County of St. Francois and the State of Missouri, on the 18th day of September A. D. 1923, at and in the County of St. Francois and the State of Missouri, did then and there unlawfully, wilfully and feloniously have, possess and keep a still, equipped with a worm and coil, which said still, so equipped as aforesaid, was then

and there designed, adapted, devised and used for the purpose of manufacturing intoxicating liquors, to-wit, corn whiskey, for beverage purposes, and for the sale and transportation, which said act complained of was then and there prohibited and unlawful; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

On November 12, 1923, defendant filed a motion to quash the information, which was overruled. Thereafter, on the same day, appellant waived formal arraignment and entered a plea of not guilty. On November 14, 1923, counsel for the State was permitted by the court to amend the original information herein by interlining the following: "and for the sale and transportation" so that said information, as amended, read as above indicated. Thereafter, on said November 14, 1923, appellant filed a motion to quash said information as amended, which was overruled. Thereafter, on the same day, defendant filed a motion to quash the search warrant and suppress evidence in said cause, which was overruled.

The case was tried before a jury and on November 14, 1923, the following verdict was returned:

"We, the jury, find the defendant John Forshee, guilty in manner and form as he stands charged in the information and assess his punishment at term of two (2) years in the Penitentiary.

"Z. E. KERLAGON, Foreman."

Motions for a new trial and in arrest of judgment were filed by defendant and both overruled.

On December 12, 1923, defendant was granted allocution, sentence pronounced and judgment entered in conformity to the verdict aforesaid. Appellant was granted an appeal to this court, and gave an appeal bond in the sum of $1500, etc.

The evidence on behalf of the State is substantially as follows:

Jasper Laws was deputy constable in said county on September 18, 1923. He was acquainted with defendant, and on the morning of the above date went to de-

fendant's premises in said county where he was then liv-
ing, and saw him making whiskey there. He saw defend-
ant light the fire under the still. The latter was about
three-quarters of a mile from defendant's house, was
just outside the fence and close to the creek. After de-
fendant lit the fire witness told him he was an officer.
While witness was pulling out his commission to show
defendant, the latter grabbed a stick, hit witness over
the head with same and ran away. The stick was on fire
and burned the coat of witness. The latter then got a
search warrant, came back that evening with Sam Doss,
and found everything as he had left it in the morning.
He carried the still away with him that evening. When
witness went back in the afternoon with Doss, they lay
in wait for defendant, and the latter came down through
the woods with a shotgun. Doss saw him first, and told
defendant he was an officer and gave his name. He told
defendant to drop the gun. Defendant did not drop it,
but held the gun up and Doss fired a shot. Defendant
then dropped the gun, and was arrested by the officer,
who took charge of the still outfit. The still consisted of
a worm and cooling keg. There were four or five barrels
of mash, half a sack of sugar, and some yeast lying on a
rock. There were three or four gallons of whiskey there
in fruit jars. The still outfit and liquor were later iden-
tified in court by Mr. Laws as the outfit that was on de-
fendant's place. Witness testified that there was a large
can sitting on the fire, fixed up with a pit under it and
full of mash that had just been taken out of the barrel
and was warm when he walked up on defendant. There
was a worm which extended over and went down into
a wooden keg with the head knocked out at the top, with
a vessel sitting underneath it, and attached to the large
can. A smaller can was sitting by the rock with the
rest of the equipment, also a bottle of "white mule" and
a barrel containing about a bushel and a half of ground
corn with a solution of water over it. The corn solution
was "mushy." Witness found a bottle or jug and sev-
eral different self-sealing jars that they couldn't carry,
so broke them at the still. He did not taste the liquor

but knew from the smell that it was intoxicating liquor; that it smelled like whiskey to him; that he did not know what per cent of alcohol it contained.

On cross-examination witness testified that there was a man by the name of Yawberry with him, but about thirty yards away, who saw Forshee hit him with the stick; that he returned after going to Desloge, having his head dressed and getting a search warrant, some four hours afterwards, and found things as he left them; that he and Mr. Doss destroyed all but one jar of the liquor; that he included all the territory mentioned in the search warrant, because they were informed that there was a large amount of whiskey on defendant's premises and he wanted to get it all.

Sam Doss testified that he lived in Desloge, Missouri, was constable of Randolph Township, knew John Forshee and, in company with Mr. Laws, went to his premises on the 18th of September, 1923, and found a still outfit; that about ten minutes of four, when they went back, witness laid down behind a rock and waited until Mr. Forshee came up, walking very slowly, with a gun in his hand. Witness told him he was an officer and to put up his hands. He didn't respond at once and witness shot a wild shot down by his feet and then he dropped his gun. There was a fifty-two-gallon barrel of mash near by, besides the still outfit. It was corn mash. There was also a twenty-gallon keg of corn mash, working, with sacks over it. Also a two-gallon jug or keg, and fruit jars, about twenty steps away, covered up with leaves. Witness tasted the whiskey which they found and pronounced it intoxicating liquor. There was a full equipment on defendant's premises for making whiskey. There was also sugar and yeast there. Witness arrested defendant, and the latter wanted to know why he was not let alone, as "everybody is doing it." Defendant offered to pay witness fifty dollars. He said on cross-examination, that the whiskey he identified contained about 85 proof. He said it was strong corn whiskey. He got the whiskey when he got the still.

The State offered in evidence the still and whiskey heretofore identified. Some of the whiskey was poured out of the bottle into a glass and passed to and among the jurors.

The defendant denied that he owned the still aforesaid, and denied that he had been making whiskey. He was convicted twice for making whiskey.

The State offered evidence in rebuttal contradicting a portion of defendant's evidence, and corroborating the evidence of the State as to defendant's guilt.

The instructions and rulings of the court during the trial, as far as necessary, will be considered in the opinion.

I.   As a preliminary question, it becomes important to determine from the record whether there is anything for review before this court. The State asserts in its brief that: "The transcript of record entries in this case fails to show that the appellant has ever been convicted or sentenced for any crime under the laws of the State of Missouri."

Transcript.

The case is not argued by the State on the merits, and we are asked to dismiss the case on account of the record aforesaid. On the other hand, counsel for appellant have argued the case on the merits, but have not discussed the above question raised by the State. In order to pass upon this question intelligently, it will be necessary to examine the transcript on file.

The circuit clerk has sent to this court, as required by Section 4103, Revised Statutes 1919, what purports to be a full, true and perfect transcript of all the proceedings in this cause. It contains 102 pages of typewritten matter, numbered from 1 to 102 inclusive. At the conclusion of said transcript, on page 102, the clerk of the circuit court, under his seal of office, and over his signature, has appended the following certificate:

".   .   .   I, the undersigned, Clerk of the Circuit Court of St. Francois County, Missouri, do hereby cer-

tify that the above and foregoing is a full, true, correct
and complete transcript of the record in said cause, in-
cluding the bill of exceptions, judgment and sentence, as
fully as the same appears of record in my office.   .   .   ."
It is dated September 6, 1924.

It appears from said transcript that the informa-
tion heretofore set out was filed in the St. Francois Cir-
cut Court on September 24, 1923, and is set out in full in
said transcript at pages 3 and following.   It also ap-
pears from said transcript that defendant waived a
formal arraignment and entered a plea of not guilty;
that he was tried before a jury on November 13th and
14, 1923; that on November 14, 1923, the following
verdict was returned:

"We, the jury, find the defendant, John Forshee,
guilty in manner and form as he stands charged in the
information and assess his punishment at term of two
(2) years in the Penitentiary.

"Z. E. KERLAGON, Foreman."

The transcript further shows that in due time de-
fendant filed motions for a new trial and in arrest of
judgment; that both motions were overruled.   At pages
96-97 of the transcript the following appears:

"Thereafter, and on the same day, to-wit, December
12, 1923, the court duly sentenced the defendant and en-
tered the following judgment herein [caption omitted]:

"Now at this day comes the State, by her attorney,
and also comes the defendant herein, in person, in cus-
tody and in presence of his attorney and counsel, in open
court, whereupon said defendant is informed by the court
that he having heretofore been by a jury found guilty
of possessing a still and manufacturing whiskey as
charged in the information and being now asked by the
court if he had any legal cause to show why judgment
should not be pronounced against him, according to law,
and still failing to show such cause:

"It is therefore sentenced, ordered and adjudged by
the court that the said defendant, John Forshee, hav-
ing been found guilty as aforesaid, be confined in the

penitentiary of the State of Missouri for the period of two years from the 14th day of November, 1923, and that the sheriff of this county shall, without delay, remove and safely convey the said defendant to the State Penitentiary, there to be kept, confined and treated in the manner directed by law, and the warden of said penitentiary is required to receive and safely keep him, the said defendant, in the penitentiary aforesaid until the judgment and sentence of the court herein be complied with, or until the said defendant shall be discharged by due course of law.

"It is further considered, ordered and adjudged by the court that the State have and recover of said defendant her costs, and that hereof execution issue therefor."

The transcript likewise shows that an appeal was allowed defendant to this court, and that he filed an appeal bond in the sum of $1500.

It appears from said transcript that, on September 4, 1924, the bill of exceptions was signed and filed in this cause, which contains the evidence, rulings of the court, the instructions, motions for a new trial and in arrest of judgment, verdict, etc.

In view of the record aforesaid, we hold that the case has been properly appealed to this court, and that appellant is entitled to be heard upon the record proper and all matters of exception which are properly preserved in the bill of exceptions.

II. Appellant contends that his motion to quash the information should have been sustained, for the alleged reason that the statute upon which the information is based (Laws 1923, pp. 236-7) is unconstitutional in that it violates the provisions of Section 28, Article 4, of the Constitution of Missouri providing: "No bill . . . shall contain more than one subject, which shall be clearly expressed in its title," for the alleged reason, that said

*Constitutional Statute.*

statute is broader than the title thereof and said bill contains numerous subjects.

On the record here the constitutionality of said statute is not properly before us for our consideration for two reasons: *First*. Because the motion of appellant to quash the original information, set out as a part of the record proper, was not offered in evidence, nor is it incorporated or called for in the bill of exceptions. The court, having overruled the motion to quash, an exception to such ruling could only be legally shown, by the bill of exceptions and, hence, is not the subject of review here. All matters of exception not constituting the record proper, including motions of above character, must be incorporated in the bill of exceptions, or else they will not be considered by this court. [State v. Griffin, 98 Mo. l. c. 674 and cases cited; State v. Wray, 124 Mo. 542; State v. Handley, 144 Mo. 118; State v. Revely, 145 Mo. 660; Reed v. Colp, 213 Mo. l. c. 588; State ex rel. v. Adkins, 221 Mo. l. c. 120; Hays v. Foos, 223 Mo. 421; Betzler and Clark v. James, 227 Mo. l. c. 387; St. Louis v. Henning, 235 Mo. l. c. 51; Blanchard v. Dorman, 236 Mo. l. c. 439; Realty Co. v. Brewing Co., 247 Mo. l. c. 31; Haggerty v. Ruth, 259 Mo. 221; State ex inf. v. Morgan, 268 Mo. l. c. 271 and cases cited; State ex rel. Dolman v. Dickey, 288 Mo. l. c. 100; State v. Baugh, 217 S. W. 277 and cases cited; State v. Sanders, 252 S. W. l. c. 634 and cases cited; State v. Sadowski, 256 S. W. (Mo.) 753.] *Second*. Because the court permitted the State to amend the original information (Sec. 3853, R. S. 1919), and defendant filed a motion to quash the amended information. He abandoned any reference therein to the constitutional questions attempted to be raised in the original motion to quash. This second motion to quash the amended information is set out as a part of the record proper, but is not in the bill of exceptions. Both the above motions were overruled, and no exceptions could be legally saved, because said motions were not in the bill of exceptions, or called for therein. By reason of the foregoing, the

alleged constitutional questions relied on by appellant under propositions 1, 2 and 3 of his brief are not properly for review before this court.

III.   It is contended by appellant that his motion to quash the search warrant offered in evidence in his behalf and to suppress the evidence alleged to have been obtained thereunder, should have been sustained.   The above motion is set out

*Search Warrant.*

as a part of the record proper, but is not incorporated in the bill of exceptions, nor is it called  for therein. Under the authorities cited under paragraph two of this opinion, the motion to quash the search warrant and suppress evidence is not the subject of review before this court, as the bill of exceptions does not record any exception to the action of the court in overruling same. Aside from the foregoing, the evidence heretofore set out clearly shows that the officers of the State located the still, with defendant in charge of same, under circumstances which made it unnecessary for them to obtain a search warrant.   Notwithstanding the officers may have seized the still, etc., and arrested defendant, as recited in the return to said warrant, yet on the facts aforesaid,' they were authorized to do the same thing without any reference to said search warrant.

IV.   The defendant insists that the court erred in permitting the State to amend the original information by interlining the following: "and for the sale and transportation."

*Information: Amendment.*

The record proper recites the above amendment, and states that defendant excepted to the ruling of the court in permitting said amendment.   The record proper, as shown in the foregoing authorities, is not the place for matters of exception, and as the bill of exceptions does not contain any objection or exception as to said amendment, there is nothing for review here in respect to said matter.

(a)   Section 3853, Revised Statutes 1919, reads as follows:

"The statute of jeofails, as applicable to criminal pleadings and proceedings in prosecutions 'by indictment, shall apply to all proceedings in prosecutions by information; and any affidavit or information may be amended in matter of form or substance at any time by leave of court before the trial, and on the trial as to all matters of form and variance, at the discretion of the court, when the same can be done without prejudice to the substantial rights of the defendant, on the merits, and no amendment shall cause any delay of the trial, except at the instance of the defendant for good cause shown by affidavit."

This section in general terms authorizes the amendment of informations. [State v. Speyer, 194 Mo. l. c. 463; State v. Brown, 181 Mo. l. c. 231-2.] The defendant pleaded to the *amended* information by moving to quash the same. His motion to quash is not set out or called for in the bill of exceptions, nor was any exception saved in the latter to the ruling of the court on this subject. His complaint in respect to this matter is not properly before us for review.

V.   We have examined with great care the record and all the matters referred to in appellant's brief. We are of the opinion that the amended information is sufficient as to both form and substance. The instructions given properly declared the law of the case. The court during the progress of the trial committed no error of which appellant can legally complain. He was convicted on clear and substantial evidence after a fair and impartial trial. The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur, *White, J.,* in result.