## THE STATE v. P. T. TATMAN, Appellant.

Division Two, December 22, 1925.

1. **CONSTITUTIONAL QUESTION: Motion to Quash: Not Preserved in Bill of Exceptions.** The action of the trial court in overruling defendant's motion to quash the indictment on the ground that "Section 6602 and Section 6588, Revised Statutes 1919, as amended in 1921, for the violation of which defendant has been indicted, are violative of the Eighteenth Amendment of the Constitution of the United States," filed before the trial was commenced, if said motion is neither incorporated in nor called for by the bill of exceptions, is not for consideration on appeal.

2. ————: ————: **Incorporated in Motion for New Trial.** The question of the constitutionality of a statute must be raised and lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the case; otherwise, it is waived. And where defendant's motion to quash the indictment, on the ground that the statutes under which he was indicted violated certain constitutional provisions, was filed and overruled before the trial began, but was not incorporated in or preserved by the bill of exceptions. the incorporation of said motion in his motion for a new trial does not timely raise the constitutional question, and the constitutionality of the statutes is not for consideration on appeal, but must be considered waived.

3. **APPELLATE JURISDICTION: Federal Question: Must be Substantive.** To give this court appellate jurisdiction of an appeal from a judgment convicting defendant of the violation of a state statute

which makes the offense a misdemeanor, on the ground that the statute violates the Constitution of the United States, the Federal question must be real and substantive, and not merely formal. It is not enough to simply assert that the state statute under which defendant has been indicted violates the Eighteenth Amendment of the Constitution of the United States. It has been often determined that the State has plenary power to prohibit the manufacture, sale, possession, gift or transportation of intoxicating liquors within the State, and to enact legislation for the enforcement of the Eighteenth Amendment as broad and ample as that of Congress; and where defendant has been indicted and convicted of unlawfully selling intoxicating liquor, the jurisdiction of the proper court of appeals of his appeal cannot be destroyed by a mere assignment that the statute denouncing such act as a misdemeanor is violative of the Eighteenth Amendment. Such an assignment, in view of the many decisions adjudging that such a statute does not violate either the Federal or State Constitution, does not raise a Federal question, but is merely colorable.

Courts, 15 C. J., Section 512, p. 1083, n. 68, 69; p. 1084, n. 73, 74; Section 516, p. 1090, n. 47. Criminal Law, 17 C. J., Section 3421, p. 134, n. 3; Section 3459, p. 168, n. 85; Section 3482, p. 183, n. 56 New.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

Transferred to Kansas City Court of Appeals.

*Roger Stone Miller* and *Scott J. Miller* for appellant.

*Robert W. Otto,* Attorney-General, and *James A. Potter,* Special Assistant Attorney-General, for respondent.

HIGBEE, C.—The defendant was charged in an indictment, in six counts, with unlawful sales of intoxicating liquors, to-wit, Jamaica ginger, and on a trial to a jury was found guilty as charged and his punishment assessed at a fine of one hundred dollars on each count. From a judgment in accordance with the verdict an appeal was granted to this court.

The conviction being for a misdemeanor, this court has no jurisdiction of the appeal (State v. Woodson, 248 Mo. 705, 154 S. W. 705; State v. Criddle, 302 Mo. 635), unless a constitutional question was properly raised at the trial, and preserved and kept alive in the record. "But it must be taken as settled law that in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case. Otherwise it will be waived." [Lohmeyer v. St. Louis Cordage Co., 214 Mo. 689, 113 S. W. 1108; Miller v. Connor, 250 Mo. 683, 157 S. W. 81.]

Section 6588, Revised Statutes 1919, as amended (Laws 1921, p. 414), prohibits, *inter alia,* the sale of intoxicating liquors. Section 6602, Revised Statutes 1919, defines "intoxicating liquor." The record proper in this case shows that the defendant, before the trial was commenced, filed a motion to quash the indictment, paragraph 8 of which reads: "Because Section 6602 and Section 6588, Revised Statutes of the State of Missouri, are in violation of the Eighteenth Amendment of the Constitution of the *United States* and therefore void." This motion was overruled and the trial proceeded. The motion, however, is neither incorporated in nor called for in the bill of exceptions. The action of the court in overruling said motion is not therefore the subject of review here. [State v. Cobb, 273 S. W. 738; State v. Forshee, 274 S. W. 419, 422.]

Appellant, however, incorporated paragraph 8 of the motion to quash, in his motion for new trial. Under the uniform rulings of this court the question of the constitutionality of the statute must be raised and "lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived." Hence it was too late to raise the question in the motion for new trial, and we must hold that the question of the constitutionality of these statutes was not timely nor properly

presented or preserved for the consideration of this court.

Furthermore it is apparent that the assignment as embodied in the motion to quash and in the motion for new trial is the averment of a mere conclusion and is entirely too vague and indefinite. The charge is that the sections of the statute mentioned "are in violation of the Eighteenth Amendment of the Constitution of the United States and therefore void."

The Eighteenth Amendment prohibits the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from, the United States and all territories subject to the jurisdiction thereof for beverage purposes. Section 6588, Revised Statutes 1919, as amended (Laws 1921, p. 414), reads in part: "It shall be unlawful for any person, firm, association or corporation, his, its or their agents or employees, to manufacture, sell, possess, give away or transport intoxicating liquors within, import the same into, or export the same from the State of Missouri, except as hereinafter provided, or to use or possess any still, doubler, worm, worm tub, or fermenting tub, used or fit for use in the production of intoxicating liquors." The assertion is that Sections 6508 and 6602 violate the Eighteenth Amendment. Appellant fails to put his finger on or to indicate in any manner how or wherein either of these sections or any of their terms violate the amendment.

In Equitable Life Insurance Society v. Brown, 187 U. S. 311, it was ruled: "But it is settled that not every mere allegation of a Federal question will suffice to give jurisdiction. 'There must be a real, substantive question on which the case may be made to turn,' that is, 'a real and not a merely formal Federal question is essential to the jurisdiction of this court.' Stated in another form, the doctrine thus declared is, that although, in considering a motion to dismiss, it be found that a question adequate abstractly considered to confer jurisdiction was

raised, if it likewise appear that such question is wholly formal, is so absolutely devoid of merit as to be frivolous, or has been so explicitly foreclosed by a decision or decisions of this court as to leave no room for real controversy, the motion to dismiss will prevail. [New Orleans Waterworks Co. v. Louisiana, 185 U. S. 336, 345, and authorities cited.]''

In Bealmer v. Hartford Fire Ins. Co., 281 Mo. 505, 220 S. W. 954, WILLIAMSON, J., said: "A mere assertion of the existence of a constitutional question is not sufficient to confer jurisdiction. Questions of so grave a nature cannot thus lightly be raised. We think the assignment merely colorable and without merit.'' [Citing cases.] See also Excelsior Springs v. Ettenson, 188 Mo. 132, 86 S. W. 255.

In State v. Berry, 253 S. W. 712, syl. 3, reads: ''The mere assertion of the unconstitutionality of a statute, without a statement of the nature of the conflict or of the facts which create it, will not confer appellate jurisdiction on the Supreme Court.''

In State v. Fenley, 275 S. W. 38, Judge WALKER said: ''The effect of defendant's contention is that under the terms of the proviso of Section 6602, Congress has power to amend that section defining intoxicating liquor, that the Volstead Act did amend it as hereafter indicated. It has been judicially determined that under Section 2 of the Eighteenth Amendment of the Federal Constitution the State has plenary power to prohibit the importation of ardent spirits into the State for any purpose. The power of the State to enact legislation for the enforcement of the amendment is as broad and ample as is that of Congress. [Clarke v. Western Maryland Ry. Co., 242 U. S. 311, 37 Sup. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845, and cases cited in Paragraph 4 of that opinion.] Our own court has given express approval to this rule of construction. In State v. Graham, 295 Mo. l. c. 705, 247 S. W. 194, we held that the Eighteenth Amendment and the Volstead

Act did not repeal the laws of this State prohibiting the sale of intoxicating liquors where the same were not inconsistent with the Constitution and Federal legislation.''

''Raising a constitutional question is not a mere matter of form; the question must really exist, and if it does not exist it is not raised.'' [Canning & Packing Co. v. Evans, 238 Mo. 605, 142 S. W. 319; Stegall v. Am. Pigment & Chem. Co., 263 Mo. 722, 173 S. W. 674.]

The question sought to be raised is Federal in its nature, and since it has been ruled by the Supreme Court of the United States that the power of the State to enact legislation for the enforcement of the amendment is as broad and ample as is that of Congress, it is apparent the question has been foreclosed and does not really exist, and ''if it does not exist it cannot be raised.'' ''The appellate jurisdiction of the courts of appeal cannot be destroyed by the injection of sham questions of unconstitutionality in the trial courts.'' [Botts v. Ry. Co., 248 Mo. 61, 154 S. W. 53.]

If the practice resorted to in this case should be sanctioned, appeals could be taken to this court in the trials of all misdemeanors in disregard of the constitutional jurisdiction of the courts of appeal as well as of this court. Even if the motion to quash had been preserved in the bill of exceptions it is apparent that the assignment is merely colorable and without merit. The cause is transferred to the Kansas City Court of Appeals. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.