CITY OF ST. LOUIS v. HARRY LEE FITCH, Appellant.—No. 39195.—183 S. W. (2d) 828.

Division Two, December 4, 1944.

Geo. A. McDonald for appellant.

Joseph F. Holland, City Counselor, Oliver Senti and Charles J. Dolan, Associate City Counselors, for respondent.

BOHLING, C.—Harry L. Fitch prosecutes this appeal from a judgment imposing a fine of $10 for carrying a concealed weapon in the violation of an ordinance of the City of St. Louis. The case originated in the police court.

The record fails to disclose appellate jurisdiction here and the cause will have to be transferred to the court of appeals. A prosecution for the violation of a city ordinance is in its nature a civil action.

City of Clayton v. Nemours (Mo. App.), 164 S. W. 2d 935, citing cases. See also Lovins v. City of St. Louis, 336 Mo. 1194, 84 S. W. 2d 127. Appellant asserts the case is here because a constitutional issue is involved. He has the burden. Examining appellant's brief, we find statements that his arrest was without a warrant; that there was no evidence he was committing an offense or was about to commit one; and that the search of his person was illegal and unconstitutional. It is apparent that the establishment of these statements called for the evidence bearing thereon. Appellant's assertions here or allegations in motions filed nisi and preserved in his bill of exceptions do not establish the facts therein asserted. Consult for instance State v. Adams, 318 Mo. 712, 723(IV), 300 S. W. 738, 742[11]; State v. Franks, 339 Mo. 86, 90(III), 95 S. W. 2d 1190, 1192[5]. His brief states no evidence was heard and none is preserved in the record presented. The certified record before us explicitly recites that the judgment was rendered after the court heard the evidence and was advised of and concerning the premises. The officially certified record prevails over conflicting statements in a litigant's brief. Our courts of appeals are courts of general appellate jurisdiction. This court is a court of limited appellate jurisdiction. The record must affirmatively disclose jurisdiction for an appeal to lodge here. Higgins v. Smith, 346 Mo. 1044, 1047[3, 4], 144 S. W. 2d 149, 151[5-7], citing cases. Our holdings are: "Raising a constitutional question is not a mere matter of form; the question must really exist and if it does not exist it is not raised." Brookline Canning & Pkg. Co. v. Evans, 238 Mo. 599, 605, 142 S. W. 319, 321; State v. Tatman, 312 Mo. 134, 139, 278 S. W. 713, 715. The issue must possess substance. A sham or colorable constitutional issue lacks the vitality to force jurisdiction here. Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 691, 113 S. W. 1108, 1110; State v. Tatman, 312 Mo. 134, 139, 278 S. W. 713, 715[7]; State v. Goad, 296 Mo. 452, 456(II), 246 S. W. 917, 918[4]; Bankers' Mtg. Co. v. Lessley (Mo.), 31 S. W. 2d 1055, 1059[3]; Botts v. Wabash Rd. Co., 248 Mo. 56, 61, 154 S. W. 53, 55. So, absent any evidence in the bill of exceptions on the factual issues within the constitutional question mentioned in the brief here, the record is devoid of any showing establishing appellant's asserted constitutional issue as a bona fide issue of substance and not merely a colorable and sham issue injected to foist jurisdiction here. Consult State v. Sparks (Mo.), 268 S. W. 51, 52[2]; Junior v. Junior (Mo.), 84 S. W. 2d 909, 910[3]. Appellant's constitutional question finds no support of record. In other words, the point is not a point.

The cause is transferred to the St. Louis Court of Appeals. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.