STATE of Missouri, Plaintiff-Respondent,

v.

John D. HASLER, Defendant-Appellant.

No. 33394.

St. Louis Court of Appeals.

Missouri.

Dec. 16, 1969.

Motion for Rehearing or for Transfer to Supreme Court Denied Jan. 14, 1970.

Application to Transfer Denied
March 9, 1970.

SMITH, Commissioner.

Defendant-appellant was convicted by a jury of violation of Section 558.110 [1], entitled oppression in office, and assessed a punishment of $1. fine. Judgment and sentence was imposed in accord with the jury verdict and defendant appeals.

Defendant was in 1967 and at the time of trial a duly elected judge of the Circuit Court of St. Louis County.[2] The conviction here springs from his actions and conduct in a contested divorce case over which he was presiding in the latter months of 1967 and the early months of 1968. The evidence demonstrated that the defendant participated in frequent meetings and communications with one of the parties to the divorce action and on occasion with her attorney without the presence or knowledge of the other party or his attorney. Such meetings and communications related, in part at least, to matters involved in the litigation, to rulings the defendant was considering making, to assistance to the party in testifying and presenting her case, and to out of court investigation of facts. It is unnecessary to set forth at length the evidence.

▇▇▇ Defendant's first attack is upon the constitutionality of Section 558.130. That section prescribes certain results which flow from *conviction* under Sec. 558.-110. Specifically, defendant contends that the provision therein which prevents a person convicted under 558.110 from "voting at any election" is contrary to Article VIII Sec. 2 of the Missouri Constitution, V.A. M.S. Defendant does not attack the constitutionality of Sec. 558.110. The constitutional attack is premature until there exists a valid conviction. Our ruling hereafter that the conviction is not valid eliminates any penalty to defendant under Sec. 558.130, and renders the constitutional at-

Shaw, Hanks & Bornschein, Joseph Howlett, Clayton, for defendant-appellant.

Gene McNary, Pros. Atty., Thomas Dittmeier, Asst. Pros. Atty., Clayton, Donald L. Wolff, St. Louis, for plaintiff-respondent.

1. All statutory references are to RSMo 1959, V.A.M.S.

2. Defendant resigned his office shortly after trial, and in June, 1969, was dis- barred by the Missouri Supreme Court for gross misconduct as a judge and lawyer. In the matter of John D. Hasler, 447 S.W.2d 65.

tack at most colorable, if not non-existent. As such, it does not divest us of jurisdiction. City of St. Louis v. Fitch, 353 Mo. 706, 183 S.W.2d 828; Young v. Brassfield, Mo., 223 S.W.2d 491.

Defendant's next contention raises the paramount issue on this appeal, the sufficiency of the indictment. The indictment here reads:

"The Grand Jurors for the State of Missouri, now here in Court, duly empaneled, sworn and charged to inquire within and for the body of the County of St. Louis, and State aforesaid, upon their oath present and charge that one John D. Hasler, between the 26th day of October, 1967, and the 7th day of February, 1968, at said County of St. Louis, and State of Missouri, did exercise and hold an office of public trust, to-wit: Judge of Division Twelve of the Circuit Court of and for St. Louis County, State of Missouri, and, in his official capacity and under color of the said office of public trust, the said John D. Hasler did then and there wilfully, knowingly, corruptly, unlawfully and maliciously commit acts constituting oppression, partiality, misconduct and abuse of authority as Judge in the case of Delmar Adolph Shelby, Plaintiff v. Jean D. Shelby, Defendant, Cause No. 283666 of the said Circuit Court of and for St. Louis County, contrary to the form of Section 558.110, Revised Statutes of Missouri, and against the peace and dignity of the State."

Following arraignment defendant filed a request for a bill of particulars, which was granted, and thereafter the State filed its bill of particulars containing some 28 numbered paragraphs, and covering 12 pages of the transcript. This bill set forth in considerable detail the factual basis for the charge against defendant. Thereafter, defendant moved to dismiss the indictment and bill of particulars on the basis that the two together failed to state sufficient facts to charge a crime. This motion was denied and trial was had with the result above set

out. Defendant's motion for new trial raised the sufficiency of the indictment and the matter has been asserted in defendant's brief here.

 The indictment or information is the method by which a criminal proceeding is instituted. It must contain a plain, concise and definite written statement of the essential *facts* constituting the offense charged. Rule 24.01 V.A.M.R. It is jurisdictional in the sense that if it fails to charge a crime the court acquires no jurisdiction to proceed, and whatever transpires thereafter is a nullity. State v. Muchnick, Mo.App., 334 S.W.2d 386 [8]. The sufficiency of an indictment may be attacked at any time at trial, (State v. Kesterson, Mo., 403 S.W.2d 606 [5–7]) or on appeal, after a guilty plea, (State v. Frankum, Mo., 425 S.W.2d 183) or in a collateral attack, such as provided under Rule 27.26 V.A.M.R. (State v. Nolan, Mo., 418 S.W.2d 51). A sufficient indictment or information is an indispensable prerequisite to a valid verdict, judgment, and sentence. State v. Cantrell, Mo., 403 S.W.2d 647.

 It is the general rule of this state that it is sufficient to frame the indictment in the words of the statute, where the statute describes the entire offense by setting out the facts constituting it. State v. Kesterson, supra, [1]. The rule does not apply if the statute creating the offense uses generic terms in defining the offense and does not individuate the offense with such particularity as to notify the defendant of the acts which he is alleged to have committed. State v. Kesterson, supra, [1]; State v. Maher, 232 Mo.App. 998, 124 S.W.2d 679. The requirement of specificity in the indictment is bottomed upon several considerations. Perhaps most important, the defendant is entitled to be informed of the nature and cause of the accusation against him so that he may defend the charge. (Art. I, Sec. 18(a) Missouri Constitution.) The indictment must set forth sufficient facts that an acquittal or conviction under it may serve to bar a subse-

quent prosecution for the same acts. It should be sufficiently specific that there would be no difficulty in determining what evidence would be admissible under the allegations, and so the court and jury may know what they are to try and for what they are to acquit or convict. And the indictment must be sufficiently specific that a court can determine from the facts alleged whether a crime has been charged as a matter of law. State v. McCloud, Mo.App., 313 S.W.2d 177.

 The statute under which defendant was charged reads as follows:

"Every person exercising or holding any office of public trust who shall be guilty of willful and malicious oppression, partiality, misconduct or abuse of authority in his official capacity or under color of his office, shall, on conviction, be deemed guilty of a misdemeanor."

The state contends this statute sets forth four separate acts, violation of any of which constitutes the same crime. We are inclined to the view that four separate offenses are encompassed by the statute, i. e.: oppression, partiality, misconduct and abuse of authority. But whichever view is taken, it is clear that the statute does not individuate the offense with such particularity as to notify the defendant of the acts which he is alleged to have committed. State v. Kesterson, *supra*, [3, 4]. Oppression, partiality, misconduct, and abuse of authority are generic terms. State v. Maher, *supra*, [4–7]. The acts of a public officer which might support a charge of any of the four are almost limitless. The indictment here charges only that defendant committed *acts* constituting all four. The only limitation on the scope of the evidence of defendant's conduct which might be presented in support of this indictment is that the conduct occurred between October 26, 1967 and February 7, 1968, and involved cause No. 283,-666. An indictment or an information must charge the essential elements of the crime for which the defendant is being tried. In the absence of the essential factual elements the indictment or information fails to charge a crime. The indictment here sets forth no acts constituting a crime; it is in essence no more than a conclusory statement that defendant violated a statute by some unspecified acts. In such posture, where an indictment fails to serve any of the purposes required of it, we hold it is insufficient to charge defendant with a crime.

Finding the indictment to be so devoid of essential factual allegations that it fails to charge a crime, we are next confronted with what, if any, effect the bill of particulars has upon the validity of the indictment. For present purposes we will assume the bill of particulars sets out facts which are sufficient to describe an offense under Sec. 558.-110. Does such a bill validate the indictment? We hold it does not. Rule 24.01 V.A.M.R. requires the indictment to be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 24.03 V.A.M.R. provides, "*When an indictment or information alleges the essential facts constituting the offense charged* but fails to inform the defendant of the particulars of the offense sufficiently to prepare his defense, the court may direct or permit the filing of a bill of particulars. * * *" (Emphasis provided).

This latter rule is patterned after Fed. Rule 7(f), 18 U.S.C.A., State v. Mace, Mo., 357 S.W.2d 923. We have found no cases in Missouri which directly rule on the precise question presented here. The Supreme Court of the United States has held that a bill of particulars cannot save an invalid indictment. Russell v. United States (1962), 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240. See also United States v. Critchley (1965), 3rd Cir., 353 F.2d 358. The rule which governs the salvageability of an indictment is stated concisely in United States v. Williams (1953), 5th Cir., 203 F.2d 572, l.c. 573–574 as follows:

"An indictment may be defective without being void. Defenses based on defects in the indictment other than that it

fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. Failure to present timely any such defense or objection constitutes a waiver thereof. *The essential facts requisite to a valid indictment are not the subject of waiver. Such facts must be stated in plain, concise, and definite language, sufficient to inform the accused of the nature and cause of the accusation against him.*" (Emphasis supplied.) See also State v. Kesterson, *supra*, [5–7].

 The indictment must contain the essential elements of the offense in plain, concise and definite language. If it does, so as to charge a crime, but does not allege sufficient particulars to allow the defendant to prepare his defense, a court *may* permit or direct a bill of particulars. Rule 24.03 V.A.M.R. State v. Mace, *supra*. Where the indictment by its allegations charges a crime, the defendant must seek a bill of particulars or will be deemed to have waived his objections to the indefiniteness of the indictment. State v. Frankum, *supra*. But where the indictment fails to allege essential facts necessary to charge a crime, the court lacks jurisdiction to proceed, and no amount of particularization in a bill can remedy this defect. Criminal proceedings in this state must be commenced by valid indictment or information not by a bill of particulars. Rule 24.11 V.A.M.R. sets forth particular omissions, misstatements or defects (none present here) which will not invalidate an indictment or information but states: " * * * Provided, that nothing herein shall be so construed as to render valid any indictment or information which *does not fully inform the defendant of the offense of which he stands charged.*" (Emphasis provided.)

No attempt was made to substitute an information for the indictment when the bill of particulars was requested, when the motion to dismiss was filed, or at any time prior to verdict as authorized by Rule 24.02 V.A.M.R. The defendant was never charged with a crime by a valid indictment or information and the conviction and sentence here were nullities. In holding as we do we are not unmindful of the judicial declarations that the same nicety of draftsmanship is not required in charging a misdemeanor as is required in charging a felony. State v. Mc Nail, Mo.App., 389 S.W.2d 214 [4–6]; State v. Smith, Mo.App., 310 S.W.2d 21. But "nicety" does not encompass a total failure to state what it is that defendant has done for which he is to be tried. State v. Muchnick, *supra*, [6]. We are also aware that the bill of particulars here supplied defendant with the specifics of his conduct prior to his trial. But tempting as it may be to determine this case on the question of prejudice to the defendant at trial, the demands of criminal jurisprudence will not allow a decision on that basis. No criminal proceeding, nor conviction or sentence thereunder can have any validity if the state has failed to properly charge defendant with a crime in the pleading upon which he is tried, and he is tried on the indictment or information, not on the bill of particulars.

This disposition of the matter makes discussion of other alleged errors at trial unnecessary. In the event of retrial the State should consider the attack made by defendant on the instructions, notably Instruction No. 2.

The judgment is reversed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the judgment is reversed.

WOLFE, P. J., and BRADY, and DOWD, JJ., concur.