**STATE of Missouri, Respondent,**

v.

**John DiLIBERTO, Appellant.**

**No. 36454.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 25, 1976.

**672**

Karl F. Lang, St. Louis, for appellant.

Thomas W. Shannon, Pros. Atty., Stephen A. Moore, Asst. Pros. Atty., St. Louis, for respondent.

RENDLEN, Judge.

John DiLiberto appeals his conviction of "misconduct in office," a misdemeanor under § 558.110, RSMo 1969, V.A.M.S.,[1] alleging as error: (1) insufficiency of the information; (2) the State's failure to make a submissible case; (3) erroneous admission of hearsay testimony; and (4) failure to define the terms "willfully" and "maliciously" appearing in the main verdict director. Unfortunately, the prosecutor's office has not favored this court with a brief and the only assistance comes from that supplied by appellant.

In late March of 1972, Steven McClay, involved in an automobile accident in the City of St. Louis, received a traffic sum-

mons ordering him to St. Louis City Court No. Two on May 2. On that date McClay and his mother, Mrs. Norma Downey, went to the City Court and checked the posted docket for Steven's case. While there they were approached by a stranger who conducted them into the courtroom (the court was not then in session) and directed them to a man seated at a small desk to the left of the judge's bench. The man at the desk, whom Mrs. Downey later identified as appellant, took McClay's summons, asked if an accident was involved, whether they had insurance and how they pleaded. Mrs. Downey replied affirmatively to the first two questions and said the plea was guilty. Appellant advised her the fine with costs totaled $38 whereupon Mrs. Downey wrote a check in that amount payable to the City, gave it to appellant and later received the cancelled check from her bank bearing the endorsement of the City Clerk's Office. On May 2, 1972, apparently, after Mrs. Downey had departed, the charge against Steven McClay was *nolle prossed* for want of evidence, thus retention of any fine or cost was clearly improper.

■■■ Appellant first contends the information failed to state facts constituting an offense against the State of Missouri. Rule 24.01, V.A.M.R., requires that an information contain a "plain, concise and definite written statement of the *essential facts* constituting the offense charged." (Emphasis ours). Failure of the information to charge a crime is fatal to the proceeding as the court acquires no jurisdiction to proceed and whatever transpires under such information is a nullity. *State v. Muchnick*, 334 S.W.2d 386, 390[8] (Mo.App.1960). A sufficient indictment or information is an indispensable prerequisite to a valid verdict, judgment and sentence. *State v. Cantrell*, 403 S.W.2d 647 (Mo.1966); *State v. Hasler*, 449 S.W.2d 881, 884[5] (Mo.App.1969).

■■■ We must determine if the information sufficiently describes an offense under

---

1. Section 558.110 provides: "Every person exercising or holding any office of public trust who shall be guilty of willful and malicious oppression, partiality, misconduct or abuse of

authority in his official capacity or under color of his office, shall, on conviction, be deemed guilty of a misdemeanor."

§ 558.110, RSMo 1969, V.A.M.S. The statute creating the offense employs generic terms and does not individuate the offense by setting out facts constituting the crimes. In such instances, it is insufficient to frame an information in the words of the statute; instead it must be sufficiently specific so the court can determine from the facts alleged whether a crime has been charged as a matter of law, *State v. McCloud*, 313 S.W.2d 177 (Mo.App.1958), and notify defendant of the acts which he is alleged to have committed. *State v. Hasler, supra* at 884[6]. Here the information charged:

"That John DiLiberto in the city of St. Louis, on the 2nd day of May, 1972, being a Deputy Marshal of the City of St. Louis, holding an office of public trust, unlawfully did commit·willful and malicious misconduct under color of his office as Deputy Marshal by demanding and accepting a personal check in the amount of thirty-eight dollars, from Mrs. Norma Downey in the courtroom of City Court Number Two ·of the City of St. Louis, Municipal Court Building, 1320 Market Street, St. Louis, Missouri; said John DiLiberto *falsely representing to Mrs. Norma Downey that said check would apply to any fine to be assessed in the then pending traffic violation of one Stephen W. McClay* when in fact no fine was ever assessed in said traffic violation; contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State." (Emphasis ours)

■ This describes appellant's *representation* to Norma Downey (the sine qua non of the offense·charged) as contingent upon a future event, i. e. the check was received on condition it "would apply to any fine *to be assessed* " in Steven McClay's case. It does not distinctly and substantially charge the alleged false representation was com-·mitted with "corrupt, partial, malicious, or improper motives and above all with the knowledge that it was wrong," *State v. Young*, 504 S.W.2d 672, 674 (Mo.1974); *State v. Boyd*, 196 Mo. 52, 94 S.W. 536, 542 (1906). The allegation is overly broad and would include the case of an *innocent-false*

*statement* which is no crime under the statute. The fact the fine was never assessed is insufficient to supply the pleading requirement of appellant's *wrongful intent when making* the representation. The earlier language in the information that appellant "unlawfully did commit willful and malicious misconduct under color of his office" is the generic statutory description of the crime and does not satisfy the requirement that the information must "individuate the offense with such particularity as to notify the defendant of the acts which he is alleged to have committed." *State v. Hasler, supra* at 885. An allegation ascribing Scienter is indispensable to the charge and without it the information must be dismissed.

While they are perhaps meritorious, we need not reach appellant's other allegations of error. "This is not to say, however, that the criticisms made in the other assignments should not be noticed by the state and, where justified, be avoided in the event of another trial." *State v. Harris*, 313 S.W.2d 664, 671 (Mo.1958). Reversed and remanded.

WEIER, P. J., and DOWD, J., concur.

