STATE OF MISSOURI, Defendant in Error, *v.* CORNELIUS NEW-KIRK, Plaintiff in Error.

1. *Trespass — Malicious intent — Statute of 1868 — Evil intent.*—Under the act of 1869, relating to certain malicious trespasses (Sess. Acts 1869, p. 71; Wagn. Stat. 462-3, § 56), the trespass complained of must be willful and malicious. The act has no application where the trespasser acts simply upon a mistaken view of his rights, and not from wantonness or other evil intent.

*Error to St. Louis Court of Criminal Correction.*

*Orrick & Emmons,* and *McKeag,* for plaintiff in error.

The statute has no application to a case like this, showing no malice.

*H: C. Hart,* for defendant in error.

From the defendant's acts the law presumes malice.

CURRIER, Judge, delivered the opinion of the court.

This complaint was prosecuted in the St. Louis Court of Criminal Correction, and was founded upon the act of 1869 (Sess. Acts 1869, p. 71; Wagn. Stat. 462, § 56), providing for the punishment of certain malicious trespasses.

The complaint charges that the defendant willfully, maliciously and unlawfully broke and severed from a building owned by the complainant a lock, plank partition and certain platform scales, all alleged to be then and there the property of the complainant and to form a part of the freehold.

State of Missouri v. Newkirk.

At the trial there was no dispute as to the fact of the severance and removal of the scales and plank partition ; but the defendant severed and removed them, claiming the property as his own, or that of the firm in which he was a partner. It was in evidence that the scales and partition were put into the building while it was in the occupancy of the defendant and his partner, as tenants under the complainant, and for their convenience as tenants in the use of the building. It also appeared that these articles were removed before the term expired, but not till after the defendant and his partner had assigned the residue of the term to other parties who attorned to the complainant. It was in evidence, however, that the new parties were to have the use of the scales and partition for the remainder of the term, under and by virtue of an express arrangement with their assignors. Before the term fully expired the scales and partition were removed by the defendant, and this is the trespass complained of. Was it, in the sense of the statute, willful and malicious ? In our view the statute was never intended to apply to a case like this, punishing a party criminally for acting upon a mistaken view of his legal rights. There is not the slightest indication in the evidence that the defendant acted wantonly, or otherwise than upon an honest conviction of what he believed to be his rights. He is not punishable criminally for that, however mistaken he may have been as to the respective rights of himself and former landlord. Whether his opinion on the question of legal right was right or wrong we are not called upon to decide, and therefore express no opinion on that point. The law is liberal toward tenants who make improvements for their own particular and temporary use, and which can be removed without working substantial injury to the rented premises. Ordinarily such improvements are removable by the tenant.

Entertaining the opinion that there was no evidence showing malice in the sense. of the statute, the judgment against the defendant will be reversed and the cause remanded. The other judges concur.