THE STATE, *Appellant*, v. KITE *et al.*

**Pleading, Criminal**: INDICTMENT. An indictment under Revised Statutes 1879, section 5442, which charges certain persons with having unlawfully granted a dramshop license, and that they were then judges of the county court, is insufficient. It should aver that the license was granted by them as judges of the county court, and that the act was done willfully, knowingly, or from an improper motive.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*D. H. McIntyre*, Attorney General, for the State.

It was not necessary that the indictment state how the defendants became county court judges, nor that they had authority to grant dramshop license. 2 Chitty Crim. Law, top pp. 181, 254, 255; 2 Wharton Prec. Ind. and Pleas, forms 904, 905, 906. It was only necessary to charge that the act was unlawfully done. The statute makes the particular act for which the defendants were indicted a misdemeanor, and it was not necessary to charge that it was done willfully and corruptly.

*C. W. Thrasher* for respondents.

This indictment is wholly insufficient in law, and does
7—81

not state facts sufficient to constitute an offense against the laws of this State. It does not allege that any dramshop license was ever granted to any one by the county court or clerk thereof. It does not allege that the act complained of was done knowingly or corruptly, which is insufficient to charge misconduct in a public officer. 2 Wharton Crim. Law, § 2521; *State v. Gardner*, 2 Mo. 22; *State v. Pinger*, 57 Mo. 243; *State v. Hein*, 50 Mo. 362. The indictment only charges that the license was granted without a sufficient petition; or that an error of fact or of law, or both, were committed. An innocent mistake in no case renders a party liable to indictment. Bishop Stat. Cr., §§ 805, 806; 1 Bishop Crim. Law, §§ 291, 300; *State v. Newkirk*, 49 Mo. 84.

PHILIPS, C.—The respondents were indicted at the November term, 1880, of the circuit court of Greene county, for unlawfully granting a dramshop license to one Henry Scholten. The indictment, omitting the formal part, is as follows :

" That Benjamin Kite, R. D. Dillard and Charles Likens, late of the county and state aforesaid, on the 26th day of October, 1880, the same being after the 4th day of July, 1876, at the county of Greene and State of Missouri, did then and there unlawfully grant a dramshop license to one Henry Scholten to keep a dramshop in the municipal township of Boone, the same being then and there a municipal township in the said county of Greene, a majority, to-wit, the number of the tax-paying citizens in said township not having then and there signed a petition asking for such license to keep such dramshop in said municipal township of Boone, the number of tax-paying citizens in said township being then and there 402, and a majority of the tax-paying citizens in said township being then and there the number of 202, and such petition signed by a majority of the tax-paying citizens of said township, to-wit, the number of 202 of said tax-paying citizens not having been then

and there filed in the office of the clerk of the county court of said county, said county having then and there a county court, nor by said clerk, said court having then and there a clerk, laid before said court at its first term thereafter, that is the first term after such petition should have been filed, they, the said Benjamin Kite, R. D. Dillard and Charles Likens, being then and there at the time of the granting of such dramshop license as aforesaid, justices of the county court of said county, and then and there constituting said court, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The defendants filed a motion to quash, which was by the court sustained, and the State has brought the cause here on appeal.

The indictment presumably was founded on section 5,442, Revised Statutes 1879, which is as follows: "After the 4th day of July, 1876, it shall not be lawful for any county court in this State, or clerk thereof, in vacation, to grant any license to keep a dramshop in any city, or block or square in such city, incorporated town, or municipal township, until a majority of the tax-paying citizens therein shall sign a petition asking for such license to keep a dramshop therein, which said petition shall be filed in the office of the clerk of the county court, and by said clerk laid before the court at the first term thereafter, and be renewed on the 4th day of July, every year thereafter, and in default of renewing of said petition, said court or clerk shall have no power to issue such license thereafter until the same is renewed. Every person violating the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction on indictment, be punished by fine not less than fifty, nor more than five hundred dollars, for the use of the county school fund, and all dramshop licenses issued contrary to the provisions of this section shall be void."

This indictment, we think, is bad. It does not sufficiently charge that the act imputed to defendants, was

done by them as justices of the county court. The first part of the indictment charges that Benjamin Kite, R. D. Dillard and Charles Likens, unlawfully granted a license. As mere individuals, without color of office, they could not grant such license, nor was their act denounced by the statute. It is true that the concluding part of the indictment alleges that "the said Benjamin Kite, R. D. Dillard and Charles Likens, being then and there, at the time of granting of such dramshop license, justices of the county court, and then and there constituting such court." This could all be true, and yet the act of granting the license have been by them in their individual capacity. The latter allegation is nothing more than a statement that they held the office, but it does not affirm, that they did the act as such justices.

We are further of the opinion that the indictment is defective in not averring that the defendants did the act willfully, knowingly, or from an improper motive. It is true the allegation is made that it was done "unlawfully." The act would be unlawful if the petition should be presented praying for the license, and the court should think it contained the requisite number of petitioners, when, as a matter of fact, it did not. In such contests before the county courts, where there is so much dispute and contention about whether the petitioners are tax-paying citizens in the given locality, it is not to be maintained, that if the county judges should be mistaken as to the truth, they would be chargeable with a misdemeanor under the statute in question.

As is said by Currier, J., in *State v. Newkirk*, 49 Mo. 85 : "In our view the statute was never intended to apply to a case like this, punishing a party criminally, for acting upon a mistaken view of his legal rights." Therefore, it is of the very essence of the official offence in question, that the justices should do the act knowingly, willfully and from an improper motive. This question was very fully considered by this court in *State v. Pinger*, 57 Mo. 243, 248; and

that decision, we think, is conclusive against the sufficiency of this indictment.

The judgment of the circuit court is, therefore, affirmed. All concur.