**STATE of Missouri, Plaintiff-Appellant,**

v.

**Nathan B. YOUNG, Defendant-Respondent.**

**No. 35205.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 8, 1974.

Thomas W. Shannon, Pros. Atty., Stephen A. Moore, Asst. Pros. Atty., St. Louis, for plaintiff-appellant.

Norman S. London, James A. Bell, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

This is an appeal by the State of Missouri from an Order and judgment of the St. Louis Court of Criminal Corrections that sustained defendant's motion to dismiss a fifteen count indictment, alleging willful neglect of duty, and ordered the defendant's discharge.

The State claims the court erred in the following respects: (1) by requiring that the indictment allege corruption, fraud, or malice to be sufficient; (2) by holding that § 558.160, RSMo 1969[1] does not prescribe the conduct or acts of a public officer that amounts to a crime; and (3) by ruling that Missouri law does not require either that a person charged with a traffic offense be arraigned in open court or that a judge must make a determination that a guilty plea to a traffic offense is voluntary.

Section 558.160 provides:

"Every officer . . . holding any trust or appointment, who shall be convicted of any willfull misconduct or misdemeanor in office, or neglect to perform any duty enjoined on him by law, where no special provision is made for the punishment of such misdemeanor, misconduct . . . shall be punished by fine . . . imprisonment . . . or by both . . ."

With the exception of names and dates each count read as follows:

"That Judge Nathan B. Young on . . . day of May, 1972, . . . wilfully neglected his official duties by failing to arraign RICHARD P. KELLY in open court, and by accepting a plea of guilty in that case without first determining that the plea was made voluntarily."

In support of its first claim of error, the State cites State v. Flynn, 119 Mo.App. 712, 94 S.W. 543 (1905) (decided in May) and urges that since § 558.160 made no requirement of malice, fraud, or corruption, it was error for the court to include such a requirement. It also sought to draw an analogy with § 558.110, Oppression in Office which specifically includes malice as a substantive element of the crime:

"Every person exercising or holding any office of public trust who shall be guilty of willful and malicious oppression . . . in his official capacity . . . shall, on conviction, be deemed guilty of a misdemeanor."

In the Flynn case, supra, a St. Louis police officer was charged with neglect of duty under a statute (Rev.St.1899, § 2105) identical to § 558.160. On an appeal of the same issue herein involved the court stated:

" . . . No evidence was introduced to prove it was in the sense that it was induced by bribes or hope of gain, but, in our opinion, the evidence for the state justified the conclusion that his conduct was corrupt in the sense that from some unworthy reason he willfully refused to perform a plain duty which called urgently for performance. But the vital question . . . is whether it was

---

1. All statutory references are to RSMo 1969, V.A.M.S., unless otherwise specified.

necessary . . . to aver that he acted corruptly . . . We hold that such an allegation and finding were not essential . . ."

On June 6, 1905, the Missouri Supreme Court in State v. Boyd, 196 Mo. 52, 94 S. W. 536, where the court extensively treated the history of criminal proscriptions in general, concluded that an indictment charging a police officer with willful neglect of duty was insufficient, absent an allegation of corruption, to charge the officer with criminal conduct. Speaking of the offense, willful neglect of duties, Wharton says; "'[i]t is generally necessary, to constitute the offense, that the motive should be corrupt; and that in an indictment against an officer of justice for misbehavior in office, it is necessary that an act imputed as misbehavior be distinctly and substantially charged to have been done with corrupt, partial, malicious, or improper motives, and above all with the knowledge that it was wrong, though no technical words in framing the charge will be required.' . . ."[2] To the same effect is State v. Kite, 81 Mo. 97 (1883); State v. Newkirk, 49 Mo. 84 (1871).

The Boyd court, supra, also stated:

" . . . Ample provision is made for disposing of officials who fail to personally devote their time to the discharge of the duties of the positions for which they have been selected. Section 18, art. 2, Const. Doubtless the defendant in this cause, who was a captain in the police department, was under the supervision of the board of police commissioners and the chief of police, for any failure to perform the duties incumbent upon him there is ample provision for removing him from office for such failure; but when the state seeks to convict him of a criminal offense which may deprive him not only of property, at least sufficient to pay the fine imposed, but as well of his personal liberty, we are of the opinion that it is essential to the validity of a charge of this character to embrace in the allegations some improper motive in the malfeasance charged in the indictment."

Even in the Flynn case, supra, the court was very careful to distinguish the case before it from those cases alleging misconduct relating to a judicial or quasi judicial duty. The court stated:

" . . . The rule that a corrupt motive must be alleged and proved applies where the misconduct related to judicial or quasi judicial duty . . . it pertains only to acts which, in the nature of things, would not be criminal unless they were inspired by a corrupt intent; . . . At common law indictments of judicial officers for misconduct in the performance of duty were always required to charge they acted corruptly . . . Rex v. Holland, 5 D. & E. 607, 623; Rex v. Saintsbury, 4 D. & E. 451, 457 . . . The underlying principle of the distinction appears to be that when the official act complained of is of doubtful legality, and the official enjoyed a discretion in the performance of his duties, he cannot be convicted of acting wrongly unless he acted corruptly. But when the illegality of the act is palpable then willful and intentional delinquency on the part of an official, whether it be a nonfeasance or a misfeasance, is indictable, even though his motive was not corrupt in the sense that he sought personal profit . . . "

In any event, to the extent that the Flynn case differs from the holding by the Missouri Supreme Court it shall no longer be followed. In the Boyd case the Supreme Court based their decision on § 7, Art. 4 of the Missouri Constitution which was in effect at that time, 1905. We observe that § 1 of Art. 7 of our current constitution contains a similar provision, the basis on which the Boyd case was decided. Thus we find that the present indictment does not meet the requirements of the Boyd

2. 3 Wharton, Criminal Law, Sections 2520–21.

case, inasmuch as it does not allege or charge corruption or that the acts complained of were done from an improper motive. Accordingly, we find the trial court properly dismissed the indictment. Moreover, as noted by the trial court, and we agree, the indictment purports to be based upon a combination of § 558.160 and Rule 37 V.A.M.R. specifically subrule 37.37 V.A.M.R. pertaining to arraignment. Undeniably Rule 37 V.A.M.R. is not a criminal statute and does not carry with it any criminal sanction. The State has not cited, nor has our research revealed any Missouri case, other than contempt, wherein a person has been punished criminally for failure to obey a court rule. The State, in effect, attempts to have Rule 37 V.A.M.R. incorporated by reference into § 558.160. This we refuse to do. As the trial court correctly noted, § 558.160 relies on other *criminal statutes* such as § 558.110 through 558.150, which defines substantive offenses, and is, in effect a punishment provision for those offenses defined elsewhere and no punishment has been provided therefor; but there is no indication that the legislature intended § 558.160 to apply criminal sanctions for the violation of court rules, particularly where neither malice nor unlawful motive is alleged.

■ The State insists that § 558.160 is a valid substantive criminal statute, which, among other offenses, defines the crime charged in the present indictments, i. e., willful neglect to perform a duty enjoined on a public official by law, citing State ex inf. Danforth v. Orton, 465 S.W.2d 618 (Mo.1971), cert. den. 404 U.S. 852, 92 S. Ct. 90 30 L.Ed.2d 92 (1972). The Danforth case was a quo warranto proceeding by the Attorney General seeking forfeiture of office and ouster of a county sheriff for certain activities relating to liquor offenses. And the court, and correctly so, held that the respondent was guilty of willful oppression and abuse of authority as specified in § 558.110; was also guilty of willful misconduct and neglect of duty and accordingly had forfeited his office under

the provisions of § 106.220. It is quite apparent that the Danforth case and also State ex inf. Dalton v. Mosley, 365 Mo. 711, 286 S.W.2d 721 (1956) cited by plaintiff were both quo warranto proceedings wherein the Attorney General sought to remove officials from office for neglect of duty pursuant to § 106.220. Neither case involved criminal prosecution nor the requirement of a criminal indictment: so, neither case is decisive of the issue presently before this court.

Next, we take up the State's final contention that the court erred in ruling that Missouri law did not require that a person charged with a traffic offense must be arraigned in open court and that a judge must determine that a plea of guilty to a traffic offense was voluntarily made. Rules 37.01; 37.37; 37.50(a), (b), (c)(2), (d) V.A.M.R.

Rule 37 V.A.M.R. pertains generally to Municipal courts—subrules 37.46 through 37.50 V.A.M.R. apply specific and special procedure to traffic cases, which are the subject of the indictment in the instant case. Among these procedures are the acceptance of pleas and fines by the Violation Clerk (Rule 37.50(a) V.A.M.R.), the handling of pleas and fines by mail for non-moving offenses (Rule 37.50(c)(1) V.A.M.R.), and entry of pleas and payments of fines by an attorney or a member of defendant's immediate family (Rule 37.-50(c)(2) V.A.M.R.).

The indictment in question is specifically concerned with Rule 37.37, V.A.M.R., which provides, in part:

"Arraignment—Plea—Duty of Court

"Arraignment shall be conducted in open court and shall consist of reading the information or complaint to the defendant or stating to him the substance of the charge and calling upon him to plead thereto. A defendant may plead not guilty or guilty. The court . . . shall not accept such plea without first determining that the plea is made vol-

**676**

untarily with an understanding of the nature of the charge . . . "

Each count of the indictment alleges that the defendant did not in fact arraign certain cases in open court and accepted guilty pleas without first making a determination that the plea was voluntary.

Defendant argues that although Rule 37 V.A.M.R. pertains generally to Municipal courts, Subrules 37.46 through 37.50 V.A.M.R. are specific to traffic cases, and there can be no requirement that the judge arraign the defendant in open court or inquire into the voluntariness of his plea in these cases. Stated another way, defendant contends that since a Violation Clerk dealing with other than non-moving offenses and other limitations set out in Rule 37.50(b) V.A.M.R., can accept appearances, waiver of trials, pleas of guilty, and payments of fines and costs in traffic offenses, and since Rule 37.50(c)(2) V.A. M.R. provides for appearance in court by a person other than the person charged and since payment can be made by mail, these grants of power obviate the necessity for arraignment. We reject this contention because, in our opinion, all the matter referred to by defendant pertained only to the Violation Clerk, and in no way addressed itself to the procedure to be followed in open court before the judge. Therefore, either in those traffic cases which a person does not wish to avail himself of the procedure set up pursuant to Rule 37.50(c)(2) V.A.M.R., or, in those cases specifically withdrawn from the Violation Clerk's consideration pursuant to Rule 37.50(b) V.A.M.R., the procedure must be followed pursuant to Rule 37.37 V.A. M.R. Thus, the State's objection in this regard is valid. However, we note that the indictment merely alleges that defendant willfully neglected his duties by his failure to arraign the named subjects in open court, and accepted pleas of guilty without first making a determination that the pleas were voluntary. On its face, the indictment is condemned because in no way does the State even attempt to

plead that the matter set forth in any of the fifteen counts came within the exception so as to mandate that Rule 37.37 V.A. M.R. was applicable rather that Rule 37.50 V.A.M.R.

Accordingly, for the reasons contained herein, we affirm the Order and judgment of the trial court.

Judgment affirmed.

SMITH, P. J., and GUNN, J., concur.